**Judith NAGY, Appellant,**

v.

**UPPER YODER TOWNSHIP, a Municipal Corporation.**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 1994.

Decided Dec. 20, 1994.

---

Caram J. Abood, for appellant.

Heather W. Zanoni, for appellees.

Before PELLEGRINI and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Judith Nagy (Appellant) appeals from an order of the Court of Common Pleas of Cambria County dismissing her petition to vacate a discontinuance on the basis that the statute of limitations expired before the action was commenced and consequently Appellant's petition to vacate the discontinuance was moot.

The instant action arose when Appellant was allegedly injured in an automobile accident involving a snowplow operated by Upper Yoder Township (Appellee) on February 12, 1990. On July 13, 1990, Appellant served a notice of intention to commence action against a governmental unit. On February 10, 1992, Appellant filed a praecipe for issuance of a writ of summons. However, the writ was forwarded directly to Appellant's former counsel, instead of the normal practice of having the Prothonotary deliver the writ to the Sheriff for service on the Defendant. Under the Cambria County local rules of practice, a plaintiff files a writ, instructions, and payment for sheriff's service. Service of this writ was never effectuated.

On April 8, 1992, after the statute of limitations had expired on this action, Appellant's former counsel praeciped for the reissuance of the writ, which was properly served on April 15, 1992. The lawsuit was discontinued by Appellant's former counsel on September 22, 1992. In November 1993, Appellant petitioned the trial court to vacate the discontinuance on the basis that her former counsel, without her consent and without consulting her, had discontinued the action. Subsequently, on December 27, 1993, a hearing was held on Appellant's petition to vacate, resulting in the dismissal of her petition.

The trial court held that Appellant had failed to meet her burden to satisfy the mandate of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), which held:

> Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

> A writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion. A plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service. If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure. Otherwise, the plaintiff shall be responsible for

prompt delivery of the writ to the sheriff for service.

*Lamp,* 469 Pa. at 478–79, 366 A.2d at 889.

■ The trial court held that Appellant's filing of the writ two days before the statute of limitations expired, and then her failure to serve the writ within the thirty (30) day period specified in Pa.R.C.P. No. 401, did not constitute a good faith effort to notify the Appellee. Appellant claims that her notice of intention to commence an action against a governmental unit, which Appellee admits receiving, notified Appellee of her intention to institute suit, and moreover, the failure to serve the first writ was due to an administrative error by Appellant's former counsel. Therefore, she argues, it was an abuse of the trial court's discretion to determine that no good faith effort was made to notify Appellee of the institution of the suit. *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986).

■ A good faith effort to notify a defendant of the institution of a lawsuit is to be assessed on a case-by-case basis. *Leidich v. Franklin,* 394 Pa.Superior Ct. 302, 575 A.2d 914, *appeal denied,* 526 Pa. 636, 584 A.2d 319 (1990). The Pennsylvania Supreme Court determined in *Farinacci* that while an eight or nine day delay due to Appellant's counsel misplacing a file may be consistent with a good-faith effort to effectuate service, a four week delay attributable to counsel's faulty memory, was not an explanation which could substantiate a finding of good faith. While there is no mechanical approach to apply in determining what constitutes a good faith effort to effectuate service, *Rosenberg v. Nicholson,* 408 Pa.Superior Ct. 502, 597 A.2d 145, *appeal denied,* 530 Pa. 633, 606 A.2d 903 (1992), a discernible pattern has emerged from the courts' decisions regarding when such good faith has and has not been exercised.

It is clear that a plaintiff need not intentionally resolve to delay notification of a defendant of the institution of a lawsuit in order for the courts to find a lack of good faith. "Simple neglect or mistake is an example of failing to fulfill the responsibility of plaintiff or his counsel to see to it that the requirements for service are carried out." *Weiss v.*

*Equibank,* 313 Pa.Superior Ct. 446, 454–455, 460 A.2d 271, 275 (1983). Thus, in *Ferrara v. Hoover,* 431 Pa.Superior Ct. 407, 636 A.2d 1151 (1994), it was held that although appellant's counsel did not actively attempt to thwart service of the writ, he failed to make a good faith effort when he took no affirmative action for five (5) months to see that the writ was served. Similarly, in *Rosenberg v. Nicholson,* the plaintiff inadvertently served the defendant at the wrong address three (3) times, despite notification by the post office of the correct address after the first unsuccessful attempt. It was held by the court that such conduct, which was admittedly unintentional, but which inadvertently worked to delay the defendant's notice, constituted a lack of good faith on the part of the plaintiff. In perhaps the most extreme example of the application of the *Lamp* requirements, the Superior Court held in *Schriver v. Mazziotti,* 432 Pa.Superior Ct. 276, 638 A.2d 224 (1994), that the appellant did not make a good faith effort to effect service of the complaint on the appellee within the statute of limitations period when he failed to complete a sheriff's service form to effectuate service, despite the fact that appellant had paid the filing fee and the sheriff's service fee, had engaged for many months in settlement negotiations with the insurance company, and had forwarded to the appellee's insurance company a copy of the complaint.

While it is clearly true that inadvertence will not excuse a failure to effectuate service, plaintiffs have been found to exercise good faith when the defendant has received notice, albeit defective notice. Thus, this Court held in *Big Beaver Falls Area School District v. Big Beaver Falls Area Educational Association,* 89 Pa.Commonwealth Ct. 176, 492 A.2d 87 (1985), that, although the school district did not comply with either Section 7314(b) of the Uniform Arbitration Act, 42 Pa.C.S. § 7314(b) or Pa.R.C.P. No. 1009, requiring deputized service of process within thirty (30) days of the arbitrator's award, the school district's conduct in serving its petition for review by *regular mail* did not represent that type of conduct which *Lamp* proscribed.

A similar situation arose in *Leidich v. Franklin,* where the Superior Court held

that the plaintiff's failure to serve the initial writ by delivery to the sheriff for service, in violation of Pa.R.C.P. No. 400 and the local rules of practice, and instead effectuated service by first class mail, did not affect any substantial rights of the defendants, nor were the defendants prejudiced by the manner in which they received notice of the lawsuit. *See also, Hoeke v. Mercy Hospital of Pittsburgh*, 254 Pa.Superior Ct. 520, 386 A.2d 71 (1978) (defendant not prejudiced when clerk inadvertently stamped the writ, "original writ", rather than "substitute writ"). Thus, if the defendant is notified of the institution of suit within the limitations period, albeit by some manner of defective process, then the courts have generally held that the plaintiff has made a good faith effort, and will not find that there was a course of conduct attributable to the plaintiff evidencing a stalling of the machinery of justice.

Here, it is agreed that the writ of summons was not served within the limitations period, but in an effort to show that Appellee was nonetheless notified of the institution of the suit, Appellant points to the service of the timely notice of intention to commence an action against a governmental unit. However, we hold that this was not sufficient notice of the institution of a suit such that Appellee's conduct may be equated with the good faith efforts recognized in *Big Beaver Falls*, *Leidich v. Franklin*, and *Hoeke*.

The notice of intention required by 42 Pa. C.S. § 5522, simply notifies a municipality that an individual intends to file suit against the municipality. However, that notice does not institute a suit, and plaintiffs may change their mind once this notice of intention is served. Since Appellee was not served with a writ or a complaint within the limitations period, it had a reasonable expectation that once the limitation period expired, it would no longer be required to shoulder the burden of possible litigation. *Ferrara*.

The courts have held that notification to a defendant's insurance company by service of courtesy complaint was insufficient notification to the defendant under *Lamp*. *Schriver v. Mazziotti*. Similarly, it was held in *Ferrara*, that communication between the appellant and appellees' insurance adjuster, and the offering of a settlement does not serve as a substitute for actual service of process. Here, we conclude that a notice of intention to file suit against a governmental unit did not serve to notify Appellee that a suit had been commenced, and consequently, Appellant's failure to serve the writ on Appellee within the applicable limitations period was within the prohibition of *Lamp* and its progeny. We, therefore, hold that the trial court's decision, dismissing the case as time barred under *Lamp*, does not constitute an abuse of discretion. Moreover, given that the suit was time barred, it was not error for the trial court to abstain from considering the merits of Appellant's petition to vacate the discontinuance.

Accordingly, we affirm the order of the Court of Common Pleas of Cambria County dismissing Appellant's petition to vacate discontinuance.

## *ORDER*

AND NOW, this 20th day of December, 1994, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is hereby affirmed.