**Stephany DANIEL, Appellant**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 2014.

Decided March 12, 2014.

Neil S. Kerzner, Philadelphia, for appellant.

Elise M. Bruhl, Deputy City Solicitor, Philadelphia, for appellee.

BEFORE: McGINLEY, Judge, and COVEY, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Stephany Daniel appeals from the May 8, 2013, order of the Court of Common Pleas of Philadelphia County (trial court), which granted the City of Philadelphia's (City) motion for judgment on the pleadings. We affirm.

On June 19, 2010, Daniel allegedly slipped and fell on North Camac Street in the City. On May 22, 2012, just before the two-year statute of limitations expired, Daniel filed a personal injury complaint against the City.[1] Daniel did not serve the complaint at this time. However, eight months later, and over seven months after the statute of limitations would have expired, Daniel reinstated her complaint on January 29, 2013.

On February 1, 2013, Daniel served the complaint on the City. On February 12, 2013, after entering its appearance, the City filed an answer and new matter asserting that the statute of limitations had expired; the City did not file preliminary objections. On March 6, 2013, the City filed a motion for judgment on the pleadings, alleging that Daniel failed to serve the complaint before the statute of limitations expired, thus barring her cause of action. Daniel replied that the City had waived the issue by not raising it in preliminary objections.

On May 13, 2013, the trial court granted the City's motion for judgment on the pleadings and dismissed Daniel's complaint. Daniel appealed to this court.[2]

■ Daniel argues that the trial court erred in granting the City's motion for judgment on the pleadings because the City was barred from asserting a statute of limitations defense of "defective/late" service by way of preliminary objections after it had entered an appearance and filed an answer. (Daniel's Br., at 4.) We disagree.

Pursuant to Pa. R.C.P. No. 1007(2), "[a]n action may be commenced by filing with the prothonotary ... a complaint." Pa. R.C.P. No. 401(a) provides that "[o]riginal process shall be served ... within thirty days after ... the filing of the complaint." Pa. R.C.P. No. 401(b)(1) provides that "[i]f service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule ... the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by ... reinstating the complaint." Pa. R.C.P. No. 401(b)(2) provides that "a complaint [may be] reinstated at any time and any number of times."

This Court has repeatedly held that, pursuant to [Pa. R.C.P. No. 1007(2)], the mere filing of a [complaint] to commence an action is sufficient to toll the running of the statute of limitations and

---

1. Daniel's complaint also included the Commonwealth of Pennsylvania as a party; however, by stipulation, the action against the Commonwealth was dismissed.

2. Our scope of review of a trial court's grant of a motion for judgment on the pleadings is whether the trial court committed an error of law or whether there are any unresolved questions of material fact. *Pfister v. City of Philadelphia*, 963 A.2d 593, 596 n. 7 (Pa. Cmwlth.2009).

that, although [Pa. R.C.P. No. 401(a)] provides that a [complaint] shall be served within thirty days after ... filing, it may, pursuant to [Pa. R.C.P. No. 401(b)(2)], be [reinstated] at any time [and any number of times] after the original [filing] during a period equivalent to that permitted by the applicable statute of limitations for the commencement of the action; further, each valid [reinstatement] gives rise to a new equivalent period during which the [complaint] may again be [reinstated].

*Lamp v. Heyman,* 469 Pa. 465, 471, 366 A.2d 882, 885 (1976).

■ However, in *Lamp,* our Supreme Court qualified this rule to require a plaintiff to promptly serve the complaint, not to prevent or delay service. The Supreme Court stated that failure to promptly notify the defendants results in nullification of the commencement of the action. *Lamp,* 469 Pa. at 478–79, 366 A.2d at 889; *see also Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 594, 511 A.2d 757, 759 (1986) (requiring plaintiff to make "a good-faith effort to effectuate notice of commencement of the action"); *Moses v. T.N.T. Red Star Express,* 725 A.2d 792, 797 (Pa.Super.1999) (finding a plaintiff's failure to make a good-faith effort to serve the defendant will nullify both the commencement of the action and the tolling of the statute of limitations). Therefore, in order to toll the statute of limitations, the plaintiff must make a good-faith effort to serve the complaint in a timely manner. *Devine v. Hutt,* 863 A.2d 1160, 1167–68 (Pa.Super.2004); *see also Miller v. Klink,* 871 A.2d 331, 336 (Pa.Cmwlth.2005) (holding that a "single attempt to serve ... did not constitute a good faith effort").

Here, Daniel validly commenced her action when she filed her complaint on May 22, 2012, just within the two-year limit.

However, Daniel concedes that she did not attempt to serve this complaint on the City. (Daniel's Answer to City's Mo. for J. on the Pldgs., ¶ 8.) As such, Daniel failed to toll the statute of limitations. Daniel reinstated the complaint on January 29, 2013, after the statute of limitations had expired.

Daniel argues that *Cinque v. Asare,* 401 Pa.Super. 339, 585 A.2d 490 (1990), is on point in this case. However, we believe that *Cinque* is distinguishable. In *Cinque,* the plaintiff filed a timely complaint that the defendants answered and, thereafter, the parties engaged in discovery. *Id.* at 490–91. Two years later, the defendants argued that service of the complaint on only their attorneys amounted to defective service and because two years had passed since the incident, the statute of limitations had run on the plaintiff's claim. *Id.* at 491. The Superior Court rejected the defendants' arguments and ruled that the defendants had waived any "defective service" or statute of limitations arguments by answering the complaint and litigating the case. *Id.* at 492. Having failed to object to service initially, the defendants could not later claim that service was defective. *Id.*

■ Here, Daniel's complaint was not served on the City until seven months after the original statute of limitations expired. Upon receipt of the complaint, the City asserted its statute of limitations defense in its new matter. Daniel argues that it should have been asserted in preliminary objections. We disagree.

Pa. R.C.P. No. 1028 provides:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

(1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or *im-*

*proper* form or *service of* a writ of summons or *a complaint* . . . .

(emphasis added). Here, the City does not allege improper service. It alleges no service until after the statute of limitations had expired.

Pa. R.C.P. No. 1030(a) provides that "all affirmative defenses including . . . statute of limitations . . . shall be pleaded in a responsive pleading under the heading 'New Matter'." A statute of limitations defense must "be raised as an affirmative defense by filing new matter and not as a preliminary objection." *Miller*, 871 A.2d at 333 n. 4. Thus, the City properly raised its statute of limitations defense in its new matter.

Therefore, the trial court properly determined that: (1) Daniel did not make a good-faith effort to serve the complaint in a timely manner, (2) the statute of limitations defense was properly raised in the City's new matter, and (3) the statute of limitations had run. *See id.* at 334–35. Accordingly, we affirm the trial court's order granting judgment on the pleadings.

### ORDER

AND NOW, this *12th* day of *March*, 2014, we hereby affirm the May 8, 2013, order of the Court of Common Pleas of Philadelphia County.