J-A04017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GRETCHEN SZUSTAK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROL FORELL | : | No. 2432 EDA 2018 |

Appeal from the Order Entered, July 9, 2018,
in the Court of Common Pleas of Chester County,
Civil Division at No(s):  No. 2016-03097-PL.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED APRIL 23, 2019**

Appellant Gretchen Szustak appeals from the trial court's grant of summary judgment in favor of Appellee, Carol Forell.  Ms. Szustak sued Ms. Forell, a certified public accountant, for negligence and professional liability. The issue on appeal is whether Ms. Szustak brought suit within the applicable statute of limitations.  Ms. Szustak had filed a writ of summons prior to the two-year deadline, but she had not served the same until well over a year later.  The trial court determined that the procedural facts and circumstances were such that Ms. Szustak did not toll the statute of limitations.  Summary judgment ended Ms. Szustak's action and prompted this appeal.  After review, we affirm.

According to the complaint, Ms. Forell prepared the joint income tax return for both Ms. Szustak and her now-ex-husband, Patrick Szustak.  Ms.

Forell also did the accounting and bookkeeping for Mr. Szustak's architecture business. The complaint alleges, **inter alia**, that Ms. Forell misrepresented to Ms. Szustak the actual health of Mr. Szustak's business. When Mr. Szustak took out lines of credit against the business, Ms. Szustak thought the cash flow was business income. When the couple struggled to pay their bills, Ms. Forell allegedly hid from Ms. Szustak the details of the failing business and instead advised Ms. Szustak to withdraw funds from her individually held 401(k) to cover the debt, even though it would result in an early distribution penalty. The couple eventually divorced. During the divorce proceedings, Ms. Szustak discovered the extent of Mr. Szustak's questionable business practices, and Ms. Forell's knowledge thereof. We glean from the trial court opinion the following procedural history:

> [Ms. Szustak] commenced her civil action by filing a writ of summons in the Delaware County Court of Common Pleas on April 11, 2014. The civil cover sheet identified the nature of the case as an action for negligence and professional liability against a certified public accountant. The writ was never served and expired after a lapse of thirty days as provided by Pa.R.C.P. No. 401(a).
>
> The statute of limitations expired April 15, 2014.
>
> On May 14, 2014, [Ms. Szustak] caused the writ to reissue and delivered the same to the Delaware County sheriff's office for service on [Ms. Forell] at a business address in Chester County. The Chester County sheriff's office received the writ on May 28, 2014 and attempted service three times, on May 30, June 4, and June 11, 2014. Service was not made and the writ was turned in.
>
> In the next ten months, the writ was not reissued and service was not attempted. On April 16, 2015, [Ms. Szustak]

filed a complaint; however, she made no effort to effect service.

On June 24, 2015, [Ms. Szustak] filed a motion for alternative service, which was granted on August 17, 2015. On August 28, 2015, [Ms. Szustak] caused the writ to reissue. On September 9, 2015, [Ms. Forell] was served. Thereafter, [Ms. Forell] filed preliminary objections challenging venue, which resulted in the matter being transferred to Chester County.

On May 13, 2016, [Ms. Forell] answered [Ms. Szustak's] amended complaint and raised in her answer and new matter the statute of limitations. On April 24, 2018, [Ms. Forell] filed a second amended motion for summary judgment, which was duly answered and briefed. On July 9, 2018, the motion was granted and judgment was entered in favor of [Ms. Forell] and against [Ms. Szustak] on all counts of the amended complaint based on the statute of limitations.

*See* Trial Court Opinion, September 10, 2018, at 1-2 (citations to the record omitted).

Ms. Szustak filed this timely appeal. She presents four questions for our review:

1. Did the trial court err in granting summary judgment in favor of Ms. Forell on the basis of Ms. Forell's statute of limitations defense?

2. Did Ms. Forell waive a defect in the service of process as to the writ of summons and was Ms. Forell barred from collaterally attacking the defect in the service of process by asserting a statute of limitations defense?

3. Was the mere filing of a writ of summons sufficient to toll the statute of limitation, and given the procedural history of this matter, is *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976) inapposite?

4. Alternatively, and to the extent that the *Lamp-Farinacci* Rule is applicable, did Szustak engage in a course of

> conduct which served to stall, in its tracks, the legal machinery that was set in motion by the filing of the writ?

*See* Ms. Szustak's Brief at 11.[1]

Ms. Szustak essentially argues that her writ tolled the statute of limitations; but even if the writ did not, Ms. Forell forfeited her defense by not properly raising it during preliminary objections.  We discuss Ms. Szustak's issues contemporaneously.

With regard to appellate review of a summary judgment, the law is clear:

> [W]e are not bound by the trial court's conclusions of law, but may reach our own conclusions. In reviewing a grant of summary judgment, the appellate court may disturb the trial court's order only upon an error of law or an abuse of discretion. The scope of review is plenary and the appellate court applies the same standard for summary judgment as the trial court.

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Devine v. Hutt*, 863 A.2d 1160, 1166-1167 (Pa. Super. 2004) (citations omitted).

Summary judgment is proper if an action is barred by the applicable statute of limitations. *Id*. at 1167.   For some time, the liberal construction

---

[1] Although Ms. Szustak's questions involved are not identical to those in her concise statement, we determine that Ms. Szustak properly preserved her appellate issues, pursuant to Pa.R.A.P. 1925(b)(4).

of the rules of civil procedure created something of a statute-of-limitations loophole. An action may be commenced by filing a praecipe for a writ of summons. *See* Pa.R.C.P. 1007. The language of Pa.R.C.P. 401, moreover, prescribes that service shall be made within 30 days after issuance of the writ or complaint, but it also allows a prothonotary to preserve the validity of the original process by reissuing the writ or reinstating the complaint at any time and any number of times. Plaintiffs would toll the statute of limitations by filing a writ of summons, have the writ repeatedly reissued, and then would consciously fail to notify defendants of the suit. Though technically compliant with the Pennsylvania Rules of Civil Procedure, this process nonetheless undermined the purpose of the statute of limitations, which is to protect defendants from stale claims.

Our Supreme Court has since remedied this abuse of process. ***See Lamp v. Heyman***, 366 A.2d 882 (Pa. 1976) (plurality decision) and ***Farinacci v. Beaver County Industrial Development Authority***, 511 A.2d 757 (Pa. 1986). Now, it is well settled pursuant to ***Lamp*** and ***Farinacci*** that service completes the progression of events by which an action is commenced. Once an action is commenced by writ of summons or complaint, the statute of limitations is tolled only if the plaintiff then makes a ***good faith effort*** to effectuate service. ***Moses v. T.N.T. Red Star Express***, 725 A.2d 792 (Pa. Super. 1999), *appeal denied*, 739 A.2d 1058 (Pa. 1999) (emphasis added).

"What constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." ***Id***. at 796; ***Devine, supra,*** 863 A.2d

at 1168 (citations omitted). It is not necessary that the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of **Lamp** will apply; simple neglect and mistake may bring the rule in **Lamp** to bear. **See Devine,** at 1168. Although there is no mechanical approach to be applied in determining what constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his efforts were reasonable. **Englert v. Fazio Mechanical Services, Inc.**, 932 A.2d 122, 125 (Pa. Super. 2007) (citation omitted).

In the instant matter, the trial court determined that Ms. Szustak did not make a good faith effort to serve Ms. Forell. We agree.

Both parties acknowledge that the two-year statute of limitations expired on April 15, 2014. Ms. Szustak filed her writ four days before the statute of limitations expired. Then she did nothing. The writ expired a month later on May 11, 2014 (over three weeks after the statute of limitations expired). Ms. Szustak then caused the writ to reissue, and only this time did she deliver the writ to the sheriff for service. The sheriff attempted services on three occasions, with final attempt on June 11, 2014, but was unsuccessful. Ms. Szustak again did nothing, but this time her inaction lasted 10 months, until April 2015, when she filed a complaint. Even then, she did not make an effort to effectuate service for another two months. Finally, on June 24, 2015, over a year since her last service attempt – over 14 months since the statute of limitations expired – Ms. Szustak filed a motion for alternative service. The motion was granted in August 2015. Thereafter, Ms. Szustak caused the writ

to reissue and finally served Ms. Forell on September 9, 2015 – nearly a year and a half after the expiration of the two-year statute of limitations.

Ms. Szustak asserts that a dismissal of a plaintiff's action for failure to strictly comply with the rules of procedure is a drastic measure, which has been disfavored by the courts. **See** Ms. Szustak's Brief at 42; **see also McCreesh v. City of Philadelphia**, 888 A.2d 664, 673 (Pa. 2005). While the rules of procedure are not intended to be draconian, they must not be so pliable to allow an end run around the statutes of limitations. **See American Interior Construction & Blinds Inc. v. Benjamin's Desk**, **LLC**, -- A.3d –, 2019 Pa. Super. 77, at *5 (Pa. Super. March 11, 2019) (discussing **McCreesh**, 888 A.2d at 674).

Indeed, Ms. Szustak's dilatory course of conduct was the precise loophole that **Lamp** and its progeny sought to close; *e.g.*: "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery [s]he has just set in motion." **Lamp**, 366 A.2d at 889. Ms. Szustak's application of the rules of procedure would effectively expand the statute of limitations from two years to three and a half. Had Ms. Szustak sought to effectuate service in the first instance, or perhaps if she had caused the writ to continuously reissue, then there might be a question of whether she made a good faith effort. Instead, Ms. Szustak went silent for ten months. When she finally filed the complaint and sought alternative service, the statute of limitations had run. The court did not abuse its discretion when it determined

that Ms. Szustak failed to make a good faith effort to timely serve Ms. Forell. To be sure, a plaintiff who waits until the last minute to file a lawsuit must be diligent in obtaining service or risk that the claim may be lost.

Having concluded that Ms. Szustak did not bring her action within the requisite timeframe, the final question is whether Ms. Forell waived her affirmative defense. Ms. Szustak claims that "this appeal concerns the interplay between alleged defective service and the invocation of a statute of limitations defense on summary judgment after expensive and costly discovery had been undertaken by both parties." *See* Ms. Szustak's Brief at 26.

Ms. Szustak argues that *Daniel v. City of Philadelphia*, 86 A.3d 955 (Pa. Cmwlth. 2014) and *Cinque v. Asare*, 585 A.2d 490 (Pa. Super. 1990) support her claim that Ms. Forell slept on her rights when she waited until summary judgment to argue the statute of limitations. Those cases are distinguishable.

In *Cinque*, the plaintiff filed a timely complaint that the defendants answered and, thereafter, the parties engaged in discovery. *See Cinque*, 585 A.2d at 490–91. Two years later, the defendants argued defective service. In the meantime, two years had passed since the incident, and the statute of limitations had run on the plaintiff's claim. *Id*. at 491. We rejected the defendants' arguments and ruled that the defendants had waived any defective service or statute of limitations argument by answering the complaint and litigating the case. *Id*. at 492. Having failed to object to service

initially, and having failed to assert the statute of limitations in their initial answers, the defendants could not later claim that service was defective. *Id*.

Here, the opposite set of facts occurred; service was proper, but Ms. Szustak's complaint was untimely. Moreover, unlike the defendants in *Cinque*, Ms. Forell properly raised her affirmative defense. Ms. Szustak attempts to frame the issue as one regarding defective service, as opposed to statute of limitations. This way, Ms. Szustak can argue that Ms. Forell waived her defense, because she did not raise it on preliminary objections. *See* Pa.R.C.P. 1028(4). But Ms. Forell never argued that service was improper. Rather, she has always maintained that service was simply made long after the expiration of the statute of limitations. The proper mechanism to raise a statute of limitations defense is to plead it in the defendant's answer and new matter. *See* Pa.R.C.P. 1030. That's precisely what Ms. Forell did.

Next, Ms. Szustak cites *Daniel*, *supra*, 86 A.3d 955. In *Daniel*, the Commonwealth Court ruled that the plaintiff did *not* make a good faith effort to serve the complaint, thereby allowing the statute of limitations to expire. In that sense, *Daniel* appears incredibly adverse to Ms. Szustak's position. She claims otherwise, however, because the defendants in *Daniel* properly filed for *judgment on the pleadings*, which occurred before discovery, as opposed to summary judgment, which occurred after.

Ms. Szustak's reliance on *Daniel* is also misplaced. Although Ms. Forell could have moved for judgment on the pleadings, we cannot conclude that she was required to do so.

For the foregoing reasons, the order granting summary judgment is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/19