IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Crystal Collins,      :
           :
     Appellant :
           :
   v.        : No. 259 C.D. 2019
           : Argued: November 14, 2019
City of Philadelphia    :


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK         FILED: July 9, 2020


    Crystal Collins (Appellant) appeals from the November 6, 2018 order of the Court of Common Pleas of Philadelphia County (trial court) granting the motion for summary judgment filed by the City of Philadelphia (City). We affirm.

    On October 17, 2015, Appellant sustained injuries when she slipped and fell in Love Park, a park located in the City. On November 9, 2015, Appellant mailed a notice of her intention to commence an action against the City under Section 5522 of the Judicial Code, 42 Pa. C.S. §5522 (Section 5522 Notice). On May 5, 2016, the City acknowledged receiving the Section 5522 Notice, assigned a claim number, and requested additional information from Appellant regarding her fall. On December 28, 2016, Appellant provided additional information to the City.

    Appellant filed a civil complaint against the City on October 10, 2017, a few days before the two-year statute of limitations expired. Section 5524

of the Judicial Code, 42 Pa. C.S. §5524. However, Appellant did not attempt to serve the complaint within 30 days as required by Pennsylvania Rule of Civil Procedure (Pa. R.C.P.) No. 401(a). Approximately nine months later, on July 5, 2018, Appellant filed a petition to reinstate the complaint. Pa. R.C.P. No. 401(b)(1), (2). On July 6, 2018, Appellant served the reinstated complaint on the City.

In the trial court, complaints alleging damages of less than $50,000.00 are scheduled for hearings before an attorney arbitration panel. Philadelphia Civil Rule No. 1301. On July 13, 2018, at the City's request, arbitration was continued and rescheduled for September 17, 2018. On July 30, 2018, the City filed an answer to the complaint and new matter, asserting as a defense the statute of limitations. The City subsequently filed a motion for summary judgment, which the trial court dismissed as untimely because the pleadings were not closed. The matter proceeded to arbitration on September 17, 2018, at which time Appellant agreed to the City's request for a continuance.

On September 26, 2018, the City filed a second motion for summary judgment, arguing that the complaint was not timely filed under the rule set forth in *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976) (*Lamp* rule). The trial court agreed and concluded that Appellant's action was barred by the applicable statute of limitations. The trial court granted the City's motion by order dated November 6, 2018. Appellant filed an appeal with Superior Court, which transferred the matter to this Court by order of March 8, 2019. Section 762(a)(1)(i), (7) of the Judicial Code, 42 Pa. C.S. §762(a)(1)(i), (7).

On appeal, Appellant argues that: (1) she filed her complaint within the statute of limitations; (2) the trial court failed to consider that the City suffered

2

no prejudice as the result of the delay in service; and (3) the City waived any objection to defective service by failing to file preliminary objections.

Preliminarily, our Supreme Court has observed:

> [The] purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims, which may greatly prejudice the defense of such claims. To this end, our legislature has enacted statutes of limitations that require actions to be commenced[1] within certain time-frames depending on the nature of the underlying claims. . . .
>
> It is self-evident that once the action has been commenced, the defendant must be provided notice of the action in order for the purpose of the statutes of limitation to be fulfilled. Therefore, this Court has set forth rules governing service of original process to ensure such notice. . . .
>
> [Pa. R.C.P. No.] 401 limits the time between filing and service. Specifically, subsection (a) requires service of original process within thirty days of the issuance of the writ. If a plaintiff fails to comply with subsection (a), the claim remains valid so long as the plaintiff complies with the procedures of subsection (b), which allows for reissuance of the writ at any time and any number of times. Thus, the plain language of the rule allows a plaintiff to commence an action, thereby satisfying the statute of limitations, and yet to delay the provision of notice of the claim to the defendant interminably, *thus undermining the purpose of the statute of limitations*.

*McCreesh v. City of Philadelphia*, 888 A.2d 664, 671 (Pa. 2005) (citations and quotations omitted and emphasis added); *see Lamp*, 366 A.2d at 888-89.

In *Lamp*, the Supreme Court addressed the potential for abuse inherent in Pa. R.C.P. No. 401. The plaintiff in *Lamp* allegedly was injured on

---

[1] A matter is "commenced" by filing with the prothonotary a complaint or a praecipe for a writ of summons. Pa. R.C.P. No. 1007.

September 1, 1967.  Her attorney filed a praecipe for a writ of summons on August 28, 1969, within the two-year statute of limitations.  However, the attorney instructed the prothonotary to hold the writ; consequently, it was not delivered to the sheriff's office and it was not served.  On April 9, 1970, the plaintiff filed a praecipe for the reissuance of the writ and a complaint endorsed with a notice to plead.  Again, service was not effectuated, but the record did not indicate the reason.  On June 4, 1970, the plaintiff filed another praecipe for reissuance of the complaint and it was served on June 19, 1970.  Thereafter, the defendants filed preliminary objections, asserting that the original summons was a nullity because of the plaintiff's "issue and hold" instructions to the prothonotary, and that the action therefore was not brought within the two-year statute of limitations.

The defendants also filed a complaint against additional defendants, who filed an answer and new matter raising the statute of limitations as a defense.  The plaintiff replied to the new matter and admitted giving the "issue and hold" instructions.  The trial court heard oral argument, sustained the preliminary objections, and entered judgment for the defendants.  The Superior Court affirmed.  On further appeal however, the Supreme Court reversed.  The Court noted that the plaintiff filed the praecipe and validly commenced the action on August 28, 1969.  The Court held that the trial court's ruling was not supported by Pa. R.C.P. No. 1007[2] or case law and reversed.

---

[2] The Court observed:

> Pa. R.C.P. [No.] 1007 in pertinent part provides: "An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons. . . ."  This Court has repeatedly held that, pursuant to this rule, the mere filing of a praecipe to commence an action is sufficient to toll the running of the statute of limitations

**(Footnote continued on next page…)**

4

Nevertheless, the Supreme Court concluded that, as written and construed, the rule allowed too much potential for abuse. The Court explained that the rule "permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion *without attempting to effectuate service*." *Lamp*, 366 A.2d at 888 (emphasis added). Consequently, the Supreme Court in *Lamp* qualified the rule, intending "to avoid a situation where the plaintiff commences an action but, *by failing to make a good-faith effort to notify the defendant*, retains exclusive control over it for a period in excess of that permitted by the statute of limitations." 366 A.2d at 889 (emphasis added).

> Accordingly, pursuant to our supervisory power over Pennsylvania courts, we rule that henceforth, i.e., in actions instituted subsequent to the date of this decision,

---

**(continued…)**

> and that, although Pa. R.C.P. [No.] 1009(a) provides that a writ shall be served within thirty days after issuance or filing, it may, pursuant to Pa. R.C.P. [No.] 1010(a), be reissued at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for the commencement of the action; further, each valid reissuance gives rise to a new equivalent period during which the writ may again be reissued. *See, e.g.*, *Ehrhardt v. Costello*, [264 A.2d 620 (Pa. 1970)]; *Salay v. Braun*, [235 A.2d 368 (Pa. 1967)]; *Zarlinsky v. Laudenslager*, [167 A.2d 317 (Pa. 1961)]. Thus, in the instant case, it is clear that if appellant validly commenced her action so as to toll the running of the statute when she filed her praecipe on August 28, 1969, her action is not barred by the statute of limitations, since she effectuated service of a writ reissued well within two years from both the date when she filed her original praecipe in August and the date when she had the writ reissued the following April.

*Lamp*, 366 A.2d at 885.

5

a writ of summons shall remain effective to commence an action *only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion*. Since the manner in which writs of summons are to be prepared and delivered to the sheriff for service is not covered by our rules and since there are differences among the judicial districts of Pennsylvania in the procedures followed in these matters, *a plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service.* If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure. Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service. *Cf.* Pa. R.C.P. [No.] 1009.

*Lamp*, 366 A.2d at 889 (emphasis added and footnote omitted).

Subsequently, in *Farinacci v. Beaver County Industrial Development Authority*, 511 A.2d 757, 759 (Pa. 1986), the Supreme Court clarified its holding in *Lamp* and held that, in order to fall within the *Lamp* rule, a plaintiff must make a good faith effort to effectuate notice of the commencement of the action. In *Farinacci*, the plaintiffs' counsel filed a praecipe for a writ of summons on the last day of the limitations period. Instead of arranging for the sheriff to serve the writ, counsel misplaced the file and then forgot to arrange for service of the writ before it expired. The writ was reissued and served on the defendants nearly two months after the original writ was issued. The defendants filed preliminary objections claiming that the statute of limitations was not tolled. In response, the plaintiffs challenged the propriety of the defendants' raising the issue on preliminary objections. The trial court sustained the defendants' preliminary objections and dismissed the action. The Superior Court affirmed.

6

After noting the procedural irregularities, the Supreme Court held in *Farinacci* that a praecipe for a writ tolled the limitations period only where the plaintiff did not engage in conduct that stalled the process. The Court determined that neglecting the file for more than a month after it was misplaced reflected that the plaintiffs' counsel did not satisfy the requirement to make a good faith effort to accomplish notice of the action's commencement. Additionally, the Supreme Court made clear that the good faith requirement discussed in *Lamp* requires affirmative action:

> [E]ight or nine days of the delay was attributable to counsel's simply misplacing the file. Such is not necessarily inconsistent with a finding of good faith. The remaining four weeks' delay is attributable only to counsel's faulty memory. As plaintiffs have failed to provide an explanation for counsel's inadvertence [that] *could substantiate a finding that plaintiffs made a good faith effort to effectuate service of the writ*, we are constrained to hold that the order of the [trial court] granting [the] defendants' preliminary objections and dismissing [the] plaintiffs' action was not an abuse of discretion . . . .

*Farinacci*, 511 A.2d at 759-60 (emphasis added).

Subsequently, in *McCreesh*, the Supreme Court again addressed "what constituted a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action." 888 A.2d at 665. In that case, the plaintiff filed a praecipe to issue a writ of summons within the two-year statute of limitations and attempted to serve the City by sending the writ to the City's Law Department by certified mail. The City acknowledged receipt. Three months later, the plaintiff filed a complaint, requested reissuance of the writ, and properly served the City Law Department through a competent adult hand delivery. Pa. R.C.P. Nos. 400.1 and 402.

7

The City filed preliminary objections asserting that the service of the first writ did not comply with Pa. R.C.P. No. 400.1, and, therefore, the complaint was untimely filed. The trial court overruled the City's preliminary objections. On further appeal, the Commonwealth Court held that the plaintiff did not establish a good faith effort to effectuate service under the *Lamp* rule because the plaintiff did not comply with the local rules relating to service.

The Supreme Court reversed. The Court first observed that, in applying *Lamp* and its progeny, Commonwealth and Superior Courts had "formulated inconsistent rules,"[3] some requiring strict compliance with rules governing service in order to satisfy the good faith required under *Lamp* and *Farinacci,* and others providing a more flexible approach, "excusing plaintiffs' initial procedurally defective service where the defendant has actual notice of the commencement of the litigation and is not otherwise prejudiced." 888 A.2d at 666. The Court in *McCreesh* concluded:

> Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of the [cases], which, applying *Lamp*, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery *or* where [a plaintiff's] failure to comply with the Rules of Civil Procedure has prejudiced [a] defendant.

*McCreesh*, 888 A.2d at 674. The Court reversed the Commonwealth Court's decision because the plaintiff had supplied the City with actual notice and remanded for a determination as to whether the City suffered prejudice due to the delay in effectuating service.

---

[3] *See* 888 A.2d at 673-74.

8

In *Daniel v. City of Philadelphia*, 86 A.3d 955 (Pa. Cmwlth. 2014), this Court reviewed a factually similar case, albeit without reference to *McCreesh*. The plaintiff in *Daniel* allegedly was injured on June 19, 2010. On May 22, 2012, the plaintiff filed a personal injury complaint against the City. She did not serve the complaint. On January 29, 2013, more than seven months after the statute of limitations expired, the plaintiff reinstated her complaint, and she served the City on February 1, 2013.

The City did not file preliminary objections. The City filed an answer and new matter asserting that the statute of limitations had expired. Thereafter, the City filed a motion for judgment on the pleadings, alleging that the plaintiff failed to serve the complaint before the statute of limitations expired, thus barring her cause of action.

The trial court granted the City's motion for judgment on the pleadings, and this Court affirmed. Citing *Lamp* and *Farinacci*, we observed that, in order to toll the statute of limitations, a plaintiff must make a good faith effort to serve the complaint in a timely manner. *Daniel*, 86 A.3d at 957. We reasoned that the plaintiff validly commenced her action when she filed her complaint on May 22, 2012, just within the two-year period, but, as in this case, the plaintiff did not attempt to serve this complaint on the City. Consequently, we concluded that the plaintiff failed to toll the statute of limitations, and when she reinstated the complaint on January 29, 2013, the statute of limitations had expired. *See also Hite v. Southeastern Pennsylvania Transportation Authority* (Pa. Cmwlth., No. 1101 C.D. 2018, filed April 5, 2019), slip op. at 5 ("under long-standing

Pennsylvania precedent, a plaintiff must make a good-faith attempt to serve original process within 30 days in order to toll the statute of limitations").[4]

Appellant argues that the trial court erred in granting summary judgment based on the following assertions.[5]  First, Appellant contends that she served her complaint within the required statute of limitations.  More specifically, Appellant asserts that she filed the (original) complaint on October 10, 2017, and served the (reinstated) complaint on July 6, 2018.  However, in making this argument, Appellant relies on decisions wherein the statute of limitations was tolled, and those cases are factually and procedurally distinguishable.  *See, e.g.*, *Smith v. City of Philadelphia*, 609 A.2d 823 (Pa. 1971) (service of joinder complaint was attempted); *Fox v. Thompson*, 546 A.2d 1146 (Pa. Super. 1988) (service was attempted, but defendant concealed its address to avoid service); and *Sherry v. Trexler-Haines Gas, Inc.*, 541 A.2d 341 (Pa. Super. 1988) (service was attempted).

Further, while the trial court decided this matter based on the *Lamp* rule, Appellant makes absolutely no reference to *Lamp* and related cases.

Instead, Appellant asserts that her effort to effectuate service was in good faith because it was caused by inadvertent error on the part of her counsel's paralegal.  The trial court notes that Appellant did not attach any affidavit or

---

[4] An unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value and not as binding precedent.  Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[5] This Court's review of an order granting summary judgment is limited to considering whether the trial court erred or abused its discretion.  *Hoover v. Stine*, 153 A.3d 1145, 1153 n.9 (Pa. Cmwlth. 2016).  "Summary judgment may only be granted when, after examining the record in the light most favorable to the non-moving party, the record clearly demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."  *Id.*

10

provide any other evidence to support this contention, which was made within Appellant's answer to the motion for summary judgment. Consequently, this unsupported contention is not part of the record that the trial court considered when deciding the motion for summary judgment. Pa. R.C.P. No. 1035.1.

More importantly, in accord with the Courts' holdings in *Farinacci* and *Daniel*, a "good faith effort" requires, at a minimum, some affirmative conduct. *See also Chruszczyk v. City of Philadelphia* (Pa. Cmwlth., No. 513 C.D. 2014, filed November 6, 2014), *appeal denied*, 116 A.3d 606 (Pa. 2015) (holding that delay in service due to counsel's oversight did not excuse the plaintiff's failure to timely serve the defendants or provide them with actual notice of the commencement of litigation).[6] To the extent Appellant relies on a paralegal's alleged mistake as reason to toll the statute of limitations, Appellant's position is contrary to well-settled law.

Appellant next asserts that the City has not suffered prejudice due to the untimely service of the complaint. Appellant argues that, assuming service was

---

[6] In *Chruszczyk*, slip op. at 10-11, this Court explained:

> Following the Supreme Court's decision in *Lamp*, where a plaintiff institutes an action by writ of summons, the plaintiff must make a good-faith effort to serve the defendants in a timely manner in order to toll the statute of limitations. Although there is no mechanical approach to determine what constitutes a good-faith effort, the plaintiff bears the burden demonstrating his efforts were reasonable. *Bigansky v. Thomas Jefferson Univ. Hosp.*, 658 A.2d 423 (Pa. Super. 1995). However, an overt attempt at delay is not necessary to constitute bad faith. *Ferrara v. Hoover*, 636 A.2d 1151 (Pa. Cmwlth. 1994). "Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear." *Id*. at 1152 (citation omitted).

11

untimely, the trial court nevertheless erred because the City did not show prejudice caused by the Appellant's delay. Appellant again relies on cases that are factually and procedurally distinguishable.[7] Further, the question of prejudice arises only if a plaintiff uses procedurally defective service but still manages to provide the defendant actual notice of the litigation in a timely manner. *McCreesh*, 888 A.2d at 666, 674. Because Appellant did not attempt service in a timely manner, we reject Appellant's assertion that the City was required to demonstrate prejudice to establish that the complaint is time-barred under *Lamp*.

Appellant also maintains that the notice sent on November 9, 2015, pursuant to 42 Pa. C.S. §5522, sufficed as notice, as it provided the City detailed information concerning Appellant's fall and alleged injuries. However, notice of *intent* to commence an action is simply not notice that an action has been commenced. *Nagy v. Upper Yoder Township*, 652 A.2d 428, 431 (Pa. Cmwlth. 1994). In *Nagy*, we expressly held that a notice of intention to file suit against a defendant did not serve to notify the defendant that a suit had been commenced, and consequently, the plaintiff's failure to serve the writ on the defendant within the applicable limitations period "was within the prohibition of *Lamp* and its progeny." *Id. See also McCreesh*, 888 A.2d at 672 n.17.

Appellant argues that the City took actions on the merits of the case and is therefore barred from objecting to what Appellant mischaracterizes as "defective service." Appellant asserts that because the City did not file preliminary

---

[7] *See e.g.*, *Byard F. Brogan, Inc. v. Holmes Electric Protective Co.*, 460 A.2d 1093 (Pa. 1983) (untimely filing of reply brief to motion for summary judgment); *Valley Peat v. Humus Sunnylands, Inc.*, 581 A.2d 193 (Pa. Super. 1990) (prejudice to the adverse party is a prerequisite to the entry of judgment of non-pros).

objections, but instead requested a continuance of arbitration and filed an answer and new matter, the City waived objections regarding service.

As the City correctly observes, a statute of limitations defense is properly raised in new matter, not preliminary objections. *Daniel*, 86 A.3d at 957-58 (rejecting the assertion that the statute of limitations defense should have been raised in preliminary objections). The City also notes that the basis for its initial request for a continuance of arbitration was the fact that it had just been served with the complaint. Consequently, Appellant's waiver argument fails.

In sum, where non-compliance with *Lamp* is alleged, the determination of whether a party made a good faith effort to effectuate notice is within the sound discretion of the trial court. *McCreesh*, 888 A.2d at 672; *Farinacci,* 511 A.2d at 759. Here, the trial court determined that Appellant failed to make a good faith effort to effectuate timely service of the complaint that was filed on October 10, 2017, but not served on the City until July 6, 2018.

Pennsylvania courts hold that the burden to demonstrate good faith under *Lamp* remains with the plaintiff. Consistent with the above decisions, inadvertent failure to effectuate service, without anything more, is insufficient to demonstrate good faith under *Lamp.* The trial court properly concluded that Appellant's action was barred by the applicable statute of limitations.

Accordingly, we affirm.

 

 

_____
MICHAEL H. WOJCIK, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Crystal Collins,            :

                       :

           Appellant    :

                       :

         v.              : No. 259 C.D. 2019

                       :

City of Philadelphia      :

## O R D E R

AND NOW, this 9th day of July, 2020, the order of the Court of Common Pleas of Philadelphia County, dated November 6, 2018, is AFFIRMED.

_____

MICHAEL H. WOJCIK, Judge