# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Segal,                                  :
                Appellant          :
                                  :  No.  1014 C.D. 2023
            v.                       :
                                  :  Submitted:  August 9, 2024
School District of Philadelphia and            :
City of Philadelphia                           :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                  HONORABLE LORI A. DUMAS, Judge
                  HONORABLE MATTHEW S. WOLF, Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                           **FILED:**  February 19, 2025

       Steven Segal (Appellant) appeals from the orders entered by the Court of Common Pleas of Philadelphia County (trial court) on May 23, 2023, which granted motions for judgment on the pleadings filed by the School District of Philadelphia (School District) and City of Philadelphia (City) (collectively, Appellees) because Appellant's claims were barred by the relevant statute of limitations.  Upon review, we affirm.

## I. BACKGROUND[1]

       On October 27, 2020, Appellant was purportedly injured when he tripped and fell on a defective sidewalk located at 901 South Broad Street in Philadelphia.  Thereafter, Appellant notified Appellees of the purported incident by

---

[1] Unless stated otherwise, we adopt the background for this case from the trial court's opinion. *See* Trial Ct. Op., 8/15/2023.

letters dated February 8, 2021, and April 19, 2021.[2]  On October 25, 2022, Appellant filed a *praecipe* to issue a writ of summons and identified Appellees as defendants, but Appellant did not serve the writ on Appellees.  On January 4, 2023, Appellant filed a *praecipe* to reissue the writ and served the writ on both Appellees.

On February 15, 2023, Appellant filed his complaint.  Thereafter, in April 2023, Appellees each filed motions for judgment on the pleadings, asserting that Appellant's claims were barred by the applicable statute of limitations.[3]

On May 23, 2023, the trial court granted Appellees' motions and entered judgment in their favor.  Appellant timely appealed[4] and filed a court-ordered Pa.R.A.P. 1925(b) statement.  The trial court issued a responsive opinion, explaining that Appellant "did not demonstrate diligence in serving the writ 41 days after the 30-day deadline prescribed by the Pennsylvania Rules of Civil Procedure and 69 days after expiration of the statute of limitations."  Trial Ct. Op., 8/15/23, at 3.

## II. ISSUE

The issue before this Court is whether Appellant demonstrated a good-faith effort to effectuate notice to Appellees that he had commenced an action against them, thus tolling the statute of limitations.  *See generally* Appellant's Br.

---

[2] These letters suggested two additional dates for Appellant's injuries: November 3, 2020, and November 27, 2020.  *See, e.g.*, Appellant's Resp. to City's Mot. for J. on the Pleadings, 4/26/23, Ex. A.  The record contains only excerpts from these letters.  *See id.*

[3] *See* City's Mot. for J. on the Pleadings, 4/10/23; Sch. Dist.'s Mot. for J. on the Pleadings, 4/13/23.

[4] Initially, Appellant appealed to the Superior Court, which transferred this matter to our Court.  *See* 42 Pa.C.S. § 762; Pa.R.A.P. 752.

## III. DISCUSSION[5]

### A. Parties' Arguments

Appellant contends that the trial court erred in granting Appellees' motions for judgment on the pleadings. *See* Appellant's Br. at 10. Appellant concedes that he did not timely serve a writ of summons upon Appellees. *Id.* at 14. However, according to Appellant, the trial court failed to consider guidance from our Supreme Court in *McCreesh v. City of Philadelphia*, 888 A.2d 664 (Pa. 2005), which, Appellant maintains, declined to require strict compliance with our procedural rules governing service of process absent prejudice to the defendant or "where a plaintiff has attempted to stall the judicial machinery." *Id.* at 15. Here, Appellant notes, Appellees have not claimed prejudice. *Id.* To the contrary, Appellant suggests that Appellees suffered no prejudice, as they had ample opportunity to investigate Appellant's claim, answer his complaint, and engage in discovery. *See id.* at 11, 14-15.

Appellant also rejects the trial court's reliance on *Gussom v. Teagle*, 247 A.3d 1046 (Pa. 2021), the most recent precedent from our Supreme Court to address timely service of process. *See* Appellant's Br. at 16. While Appellant's criticism of *Gussom* is not entirely clear, Appellant suggests that the trial court's

---

[5] Generally, when reviewing a judgment entered on the pleadings, we accept "as true all well-pled statements of fact, admissions, and any documents properly attached to the pleadings." *N. Sewickley Twp. v. LaValle*, 786 A.2d 325, 327 (Pa. Cmwlth. 2001). We will "sustain the trial court's grant of judgment on the pleadings only where the movant's right to succeed is certain and the case is so free from doubt that trial would be a fruitless exercise." *Id.* However, "a trial court has the discretion to dismiss a complaint when a plaintiff fails to offer proof that she diligently attempted to serve process on a defendant in a timely manner and there is no evidence to indicate that the defendant had actual notice of the action in the relevant time frame, regardless of whether the plaintiff acted or failed to act intentionally." *Gussom v. Teagle*, 247 A.3d 1046, 1048 (Pa. 2021); *see also McCreesh v. City of Phila.*, 888 A.2d 664, 672 (Pa. 2005) (affording a trial court discretion to determine whether a plaintiff has acted in good faith).

application of *Gussom* in this case undermines the flexible approach adopted in *McCreesh*. *See id.* at 16-17. Nevertheless, further conceding that Appellant offered no explanation for his delay in serving process upon Appellees, Appellant requests a remand to the trial court so he may supplement the record.[6] *Id.* at 17.

In response, Appellees maintain that Appellant's claim is time-barred. City's Br. at 7.[7] According to Appellees, Appellant offered no evidence of his good-faith efforts to serve the writ of summons in a timely manner that would toll the relevant statute of limitations. *Id.* at 7-8 (citing, *inter alia*, *Gussom* and *McCreesh*). Further, Appellees suggest that Appellant's belated request for a remand to supplement the record is waived, noting that Appellant had "every opportunity" to introduce relevant evidence below and that he "still fails to articulate" how he could establish his good-faith efforts. *Id.* at 8 (citing Pa.R.A.P. 302(a)).

Finally, Appellees assert that they were not required to produce evidence that they were prejudiced by Appellant's delay. *Id.* at 10. According to Appellees, the *McCreesh* Court concluded that "procedurally defective service is excusable where a defendant has actual notice of the litigation *and* where the defendant has not been prejudiced by the plaintiff's lack of compliance with the Rules of Civil Procedure." *Id.* (emphasis in original) (citing *McCreesh,* 888 A.2d at 674). Therefore, because there was no actual notice, the trial court did not need to

---

[6] Appellant also asserts that he notified Appellees of his intention to file suit as required by 42 Pa.C.S. § 5522. *See* Appellant's Br. at 11. However, Appellant does not attribute any particular significance to this notice, nor does he equate notice per Section 5522 with timely service of process. *See generally* Appellant's Br. Further, as noted by Appellees, this Court has previously held that a notice of intention to file suit does not serve to notify a defendant that a suit has been commenced. City's Br. at 9 (quoting *Nagy v. Upper Yoder Twp.,* 652 A.2d 428, 430 (Pa. Cmwlth. 1994)).

[7] School District joined in and adopted the City's brief pursuant to Pa.R.A.P. 2137. *See* Sch. Dist.'s Br. at 4.

consider prejudice and properly found that Appellant's claim was time-barred by the statute of limitations. *Id.* at 10-11.

### B. Analysis

Pennsylvania law requires that a civil action in negligence be commenced within two years. 42 Pa.C.S. § 5524(2). Under the Pennsylvania Rules of Civil Procedure, a plaintiff may commence a civil action by filing with the prothonotary a praecipe for a writ of summons or a complaint. Pa.R.Civ.P. 1007. Original process must be served "within 30 days after the issuance of the writ or filing of the complaint." Pa.R.Civ.P. 401(a). If service is untimely, a writ may be reissued. Pa.R.Civ.P. 401(b).

The failure to promptly serve a defendant results in a nullification of the commencement of the action. *Daniel v. City of Phila.*, 86 A.3d 955, 957 (Pa. Cmwlth. 2014). Only "[a] timely filed writ of summons that is properly and promptly served will toll the applicable statute of limitations." *Sheets v. Liberty Homes, Inc.*, 823 A.2d 1016, 1018 (Pa. Super. 2003).[8]

Further, it is well established that a writ of summons remains effective only if the plaintiff "refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp v. Heyman*, 366 A.2d 882, 889 (Pa. 1976) (seeking to remedy the mischief created by plaintiffs who repeatedly praeciped to reissue writs of summons to toll the statute of limitations but purposefully failed to serve process upon their defendants). Defective service may be excused where the defendant has actual notice of the litigation and has not been prejudiced by the plaintiff's conduct. *See McCreesh,* 888 A.2d at 674. Nevertheless,

---

[8] Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

the Pennsylvania Supreme Court has emphasized that plaintiffs bear an evidentiary burden to demonstrate their good-faith efforts to serve process upon defendants. *Gussom*, 247 A.3d at 1057. Absent credible evidence of these efforts, the trial court may dismiss a complaint "regardless of whether the plaintiff acted or failed to act intentionally." *Id.* at 1048.

Here, Appellant was purportedly injured on October 27, 2020. He commenced this action on October 25, 2022, when he obtained a writ of summons. Pa.R.Civ.P. 1007. This writ expired 30 days later without service. On January 4, 2023, Appellant obtained a reissued writ and promptly served Appellees.

In this interim period, between October 25, 2022, and January 4, 2023, the two-year statute of limitations on Appellant's claim expired. Thus, Appellant was required to demonstrate his good-faith efforts to serve notice of process upon Appellees. *Gussom*, 247 A.3d 1057. He did not, nor did he offer the trial court any explanation for the delay.[9] *See, e.g.*, Appellant's Resp. to City's Mot. for J. on the Pleadings. Under these circumstances, we discern no abuse of the trial court's discretion in dismissing Appellant's complaint. *See Gussom*, 247 A.3d at 1048; *McCreesh*, 888 A.2d at 672.

Further, in our view, Appellant's reliance on *McCreesh* is misplaced. The *McCreesh* Court's flexible approach is premised upon a defendant's actual notice that a plaintiff has commenced litigation. *McCreesh,* 888 A.2d at 674 (observing that "[n]either our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice"). However, Appellees did not receive

---

[9] Appellant concedes the lack of evidence but now asks for a remand in order to supplement the record. *See* Appellant's Br. at 17. We decline to remand this matter, as Appellant had ample opportunity to address this issue before the trial court.

6

actual notice until January 4, 2023, when Appellant served the reissued writ of summons upon them. Therefore, Appellees were not required to demonstrate that Appellant's dilatory service had prejudiced them.

## IV. CONCLUSION

In conclusion, Appellant did not serve Appellees with a writ of summons until after the statute of limitations had expired. 42 Pa.C.S. § 5524(2); *Daniel*, 86 A.3d at 957. To excuse this defective service, Appellant was required to demonstrate his good-faith efforts to effectuate service. *Gussom*, 247 A.3d at 1057. In the absence of any such evidence, the trial court granted judgment in Appellees' favor. *See id.* We discern no abuse of the trial court's discretion and, therefore, affirm. *Gussom*, 247 A.3d at 1048; *McCreesh*, 888 A.2d at 672.

_____
**LORI A. DUMAS, Judge**

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Segal,                             :
                    Appellant             :
                                          :     No.  1014 C.D. 2023
            v.                            :
                                          :
School District of Philadelphia and       :
City of Philadelphia                      :

# **O R D E R**

AND NOW, this 19th day of February 2025, the orders entered by the Court of Common Pleas of Philadelphia County on May 23, 2023, which entered judgment in favor of the School District of Philadelphia and City of Philadelphia on all claims brought by Steven Segal, are AFFIRMED.

_____
**LORI A. DUMAS, Judge**