585 A.2d 490

**John CINQUE, t/a Dom's Seafood Take–Out Service, Appellant,**

**v.**

**Owusu Ansah ASARE and Theresa M. Chazin, Administratrix of the Estate of Richard J. Chazin, Deceased, and Theresa M. Chazin, Individually, and Phyllis Ann Neill, Appellees.**

**Ronald BUJANOWSKI, Appellant,**

**v.**

**Owusu Ansah ASARE and Theresa M. Chazin, Administratrix of the Estate of Richard J. Chazin, Deceased, and Theresa M. Chazin, Individually, and Phyllis Ann Neill, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 6, 1990.

Filed Dec. 17, 1990.

Reargument Denied Feb. 8, 1991.

340

Kenneth C. Citrino, Philadelphia, for appellants.
James M. Marsh, Philadelphia, for Chazin, appellee.

John J. Hart, Doylestown, for Neill, appellee.

Before OLSZEWSKI, DEL SOLE and HUDOCK, JJ.

OLSZEWSKI, Judge:

John Cinque and Ronald Bujanowski appeal the trial court's order granting summary judgment in favor of defendants-appellees, Phyllis Neill, Owusu Asare, and Theresa Chazin, on statute of limitations grounds. The applicable statute was two years (42 Pa.C.S.A. § 5524). The trial court found that Neill and her co-defendants were not properly served until May 1989, nearly four and one-half years after the accident from which this case arose. After careful review, we find that Neill waived any defects in service by answering the complaint in February 1987, and by failing to file preliminary objections. Accordingly, we must reverse the trial court's decision as to appellee Neill. Similarly, we find that appellee Chazin also waived any defect in service by filing an appearance and a request for the production of documents with the court. Accordingly, we must also reverse as to appellee Chazin.

This case has a complicated procedural history. The problem facing us today would never have arisen if the parties had followed proper procedure from the outset. Instead, due to errors by both parties, we must wade through a procedural morass to find the result compelled by law and justice.

This case arises from a three-vehicle accident. In December 1986, a scant three days before the statute of limitations ran, Cinque and Bujanowski filed actions against the three drivers involved in the accident. Shortly thereafter, Cinque and Bujanowski's attorney mailed a copy of the complaint to attorneys for the defendants. The complaint was never served upon the defendants, and the defendants never filed any acceptances of service. Nevertheless, Neill's attorney entered an appearance on January 14, 1987, and filed an answer and new matter on February 3, 1987.

Neill also filed a petition to consolidate Cinque's and Bujanowski's actions.

On January 14, 1987, counsel for appellee Chazin sent a letter to plaintiffs' counsel requesting additional time in which to respond to the complaint, and making it clear that he was representing defendant Chazin. Furthermore, on January 21, 1987, counsel for Chazin filed an appearance with the court and a request for the production of documents.

On March 25, 1987, Neill's attorney filed a "Petition on Behalf of Co–Defendant Phyllis Ann Neill to Amend Complaints," which, contrary to its title, was a petition to amend Neill's answer to include a statute of limitations defense. In this petition, Neill's attorney stated that he had learned, for the first time, that the complaint had not been served. The trial court never disposed of this petition.

At some time in 1989, Cinque and Bujanowski attempted to serve the defendants by mail again. Neill's co-defendants filed preliminary objections, claiming that the complaint had never been served. The trial court sustained the objections on May 3, 1989, and granted the plaintiffs leave to re-file and serve the complaint. An amended complaint was filed and served upon all the defendants, including Neill.

Neill then filed a motion for summary judgment on statute of limitations grounds, claiming that the only proper service occurred four and one-half years after the accident and two and one-half years after the filing of the complaint. The trial court granted the motion for summary judgment. This appeal followed.

 The trial court correctly found that no proper service occurred in this case until 1989; however, the trial court erred in granting summary judgment for Neill because Neill waived any defects in service of process. Neill filed an answer to the complaint and other documents without filing timely preliminary objections to the manner of service. The trial court also erred in granting summary

judgment for Chazin, since Chazin had filed an appearance and request for documents. Thus, in our judgment, counsel for Chazin had also taken affirmative action to defend the case. No objection to service was made until two years later. Indeed, our Supreme Court, in *Peterson v. Philadelphia Suburban*, 435 Pa. 232, 255 A.2d 577 (1969), has held that one can waive service of process by various means and become a party to a suit by filing an appearance.

Defects in service of process must be raised in preliminary objections. *Cf. Martin v. Gerner*, 332 Pa.Super. 507, 514, 481 A.2d 903, 907 (1984); *Hoover v. Bucks County Tax Claim Bureau*, 44 Pa.Cmwlth. 529, 530, 405 A.2d 562, 563 (1979). By filing an answer to the complaint, Neill waived all matters that must be addressed in preliminary objections, including the defect in service. Although Chazin did file preliminary objections, they came too late to support a defect theory.

Neill's March, 1987 petition to amend does not alter our finding of waiver. Defects in service cannot be attacked by asserting the statute of limitations, but must be addressed in preliminary objections; accordingly, this petition did not preserve the issue nor did it revoke the waiver of defects.

We note in passing that Neill and Chazin have not suffered any prejudice as a result of this defective service. Neill and Chazin were notified of the suit against them and their attorney had a copy of the complaint. It appears that the case was proceeding routinely until this motion was filed.

Given our finding that the defects in the initial service were waived, we must hold that the complaint against Neill and Chazin was not barred by the statute of limitations. Consequently, we must reverse the order of the trial court and remand this case for trial on the merits.

Order reversed as to appellees Chazin and Neill. Case remanded. Order affirmed as to appellee Asare. Jurisdiction relinquished.