J-A07035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHN E. RIPKA III | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BARRY LEE GRAMM AND FISHER | : | No. 1133 MDA 2024 |
| AUTO PARTS, INC. | : | |

Appeal from the Order Entered July 16, 2024
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2022-09312

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:　　　　　　**FILED: DECEMBER 11, 2025**

John E. Ripka, III ("Plaintiff") appeals from the order that granted the motion for judgment on the pleadings filed by Barry Lee Gramm and Fisher Auto Parts, Inc. (collectively "Defendants") and dismissed Plaintiff's complaint with prejudice.  We affirm.

Plaintiff initiated this action by writ of summons on December 6, 2022. He made no effort to serve Defendants before the writ expired, nor during the following six months.  Plaintiff had the writ reissued in July 2023, and the sheriff promptly thereafter served Defendants.  Plaintiff filed a complaint on October 1, 2023, alleging that he was injured on December 29, 2020, when his motorbike was struck by Mr. Gramm, who was driving a vehicle owned by his employer, Fisher Auto Parts.  On October 18, 2023, the parties filed a stipulation amending one paragraph of the complaint and providing that

Defendants would file an answer to the complaint, as amended, within thirty days.

Defendants did not lodge preliminary objections. They instead filed their answer and new matter in accordance with the stipulation. In the new matter, Defendants pled, *inter alia*, that the claims were barred by the statute of limitations because Plaintiff failed to make a good faith effort to timely effectuate service of process as is required by **Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976), and its progeny.

Plaintiff did not raise preliminary objections to Defendants' new matter. Rather, he opted to file a reply thereto in which he denied both that his claims were foreclosed by the statute of limitations and that Defendants were not timely served. The reply did not suggest that Defendants waived their challenges to service by failing to file preliminary objections to the complaint.

The next docket activity in the case occurred four months later, when Defendants filed a motion for judgment on the pleadings based upon the expiration of the statute of limitations. Plaintiff presented no contest to the substance of Defendants' motion, opposing it instead with only two procedural arguments: (1) Defendants waived their **Lamp**-based claim because they did not raise it by preliminary objection; and (2) Defendant unduly delayed in waiting five months to contest the adequacy of service.

The trial court concluded that Defendants' **Lamp** challenge related to the statute of limitations rather than service, and thus was properly raised by new matter. It analyzed the substance of the Defendants' claim as follows:

> The dilatory actions of Plaintiff are precisely the type of abuse of process that **Lamp v. Heyman** sought to remedy. Plaintiff filed a writ of summons approximately twenty-three days before the statute of limitations ran. Plaintiff then failed to take any action on the matter for approximately seven months. Pursuant to the **Lamp** doctrine, the statute of limitations could have been tolled throughout this period so long as Plaintiff took good faith efforts to effectuate notice of the commencement of the action.
>
> Plaintiff provides nothing to suggest that a good faith effort was taken to effectuate notice of the commencement of the action. In fact, there is nothing on the record to suggest that any effort was made whatsoever between December 2022 and July 2023. Plaintiff's counsel's candid admission that the failure to effectuate service was merely an oversight is not enough to toll the statute of limitations. Pursuant to **Lamp**, the writ of summons expired between its issuance on December 6, 2022[,] and its reissuance on July 5, 2023. Though Plaintiff's claims were timely when the writ was issued, the applicable statute of limitations had run by the time the writ was reissued and was not tolled for that period. Plaintiff's claims are time barred.

Order, 7/26/24, at 3 (cleaned up). Accordingly, the court dismissed Plaintiff's complaint with prejudice.

This timely appeal followed, and both Plaintiff and the trial court complied with Pa.R.A.P. 1925. Plaintiff presents five questions for our review, which we have reordered for ease of disposition:

1. Whether [Defendants'] failure to file preliminary objections constitutes a waiver of defense?

- 3 -

2.   Whether the trial court erred in not considering the issue of service and by failing to apply the relevant Civil Procedure Rules 1028 and 1031(a)?

3.   Whether [Defendants] should not be granted relief due to their delay in filing the motion for judgment on the pleadings?

4.   Whether the court erred by not following **Peterson v. State Farm & Cas. Co.**, [81 Pa. D. & C. 4th 215 (Dauphin Cnty. 2006)]?

5.   Whether the court erred by not considering the issue of service and instead declared the writ "dead" despite it being timely filed?

Plaintiff's brief at 6-7 (some punctuation altered).

We address together Plaintiff's three waiver-based issues, beginning with the applicable legal principles.  As an initial matter:

Our scope and standard of review in an appeal of an order granting a motion for judgment on the pleadings is well settled:  this Court applies the same standard as the trial court and confines its consideration to the pleadings and documents properly attached thereto.  We must determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.  We will affirm the grant of judgment on the pleadings only if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

**Cooper v. SGYS St. Ives, LLC,** 333 A.3d 1046, 1051 (Pa.Super. 2025) (cleaned up).

The filing of a writ of summons to commence an action tolls the statute of limitations for the plaintiff's claims against the defendants.  **See**, **e.g.**, **Chappell v. Powell**, 303 A.3d 507, 512 (Pa.Super. 2023).  With exceptions

- 4 -

not relevant here, original service of process of the writ must be made by the sheriff within thirty days of its issuance. *See* Pa.R.Civ.P. 400(a), 401(a). If service is not timely effectuated, a plaintiff can continue a writ's validity by filing a praecipe for its reissuance, which can be done "at any time and any number of times." Pa.R.Civ.P. 401(b).

Over the past fifty years, our Supreme Court has issued rulings seeking

> to find the appropriate balance between, on the one side of the scale, respect for statutes of limitations and, on the other side of the scale, monitoring plaintiffs' conformity with our Rules of Civil Procedure prescribing how to commence an action, thereby tolling the statute of limitations; how to effectuate service of process on a defendant[,] thereby conferring the court's jurisdiction over the defendant and providing notice to the defendant of the filing of a lawsuit against it; and respecting the admonition of [Pa.R.Civ.P.] 126 to construe liberally the Rules of Civil Procedure so long as the deviation from the Rules does not affect the substantive rights of the parties.

*Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987, 1007–08 (Pa. 2024) (footnote omitted). In *Gussom v. Teagle*, 247 A.3d 1046 (Pa. 2021), the Court offered a summary of this precedent implementing this balance:

> "In the seminal case of *Lamp* . . ., this Court sought to end abuses of process by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and deliberately failed to notify the defendant of the pending litigation." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 665 (Pa. 2005). This process, while technically compliant with the Rules of Civil Procedure, nonetheless defeated the purpose of the statute of limitations, which is to protect defendants from stale claims. Thus, in *Lamp*, this Court held that a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.
>
> . . . .

> *Lamp* and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to *McCreesh*, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

*Id*. at 1048-57 (some citations and internal quotation marks omitted).

Significantly, our Supreme Court has made it plain that a claim founded upon *Lamp*, alleging that a plaintiff belatedly provided a defendant with service of original process after the statute of limitations had run, "is a challenge to service of process and not a challenge based on the statute of limitations." *Ferraro*, 313 A.3d at 991 n.2.

Nonetheless, Defendants insisted below, and maintain on appeal, that they appropriately raised their *Lamp* objection in a motion for judgment on the pleadings because it was based upon the statute of limitations, not a defect in the service of process. *See* Defendants' brief at 14. The trial court agreed with Defendants, stating: "This is not an issue of improper service, and Defendants do not even argue that service was defective. This is ultimately a matter of **when** service was effectuated, not **how** it was effectuated." Trial

Court Opinion, 7/16/24, at 2 (emphases in original). This conclusion is directly contrary to *Ferraro*, it is thus erroneous.[1]

Relying in his brief on common pleas court decisions and decades-old opinions from this Court, Plaintiff contends that this error of law entitles him to relief. At oral argument, he additionally put forth this Court's ruling in *Cinque v. Asare*, 585 A.2d 490 (Pa.Super. 1990), to argue that Defendants' failure to file preliminary objections waived all defects in service. Upon a thorough review of pertinent precedent, we deem waiver to be inappropriate under the facts of this case.

Plaintiff is correct that, as a general rule, "[d]efective service of process must be raised by way of preliminary objections or the issue is waived." *O'Donnell v. McDonough*, 895 A.2d 45, 48 (Pa.Super. 2006). *See also Cinque*, 585 A.2d at 492 (same). However, Pennsylvania appellate courts have approved of merits review of *Lamp* challenges raised by means other than preliminary objection. A comparison of our decisions in *Cinque* and *Galeone v. Rodeway Inn Ctr. City*, 260 A.3d 160, 2021 WL 3126754, at *8 (Pa.Super. 2021) (non-precedential decision), illustrates why a waiver finding is inapt here.

---

[1] Neither the parties nor the trial court acknowledge or address our High Court's *Ferraro* decision although it was filed nearly three months before the appealed-from order.

The actions involved in **Cinque** were filed by plaintiffs John Cinque and Ronald Bujanowski three days before the statute of limitations expired in December 1986 against, *inter alia*, Phyllis Neill and Theresa Chazin, alleging injuries sustained in a multi-vehicle collision. The plaintiffs never served Neill or Chazin. "Nevertheless, Neill's attorney entered an appearance on January 14, 1987, and filed an answer and new matter on February 3, 1987. Neill also filed a petition to consolidate Cinque's and Bujanowski's actions." **Cinque**, 585 A.2d at 491. Meanwhile, Chazin's counsel requested additional time to respond to the complaint, then on January 21, 1987, entered an appearance and filed a discovery request. In March 1987, Neill filed a motion to amend her answer to add a statute of limitations defense, asserting for the first time lack of service, but the court never ruled upon the motion.

In early 1989, the plaintiffs attempted service by mail, prompting Chazin to file preliminary objections. The court sustained them but granted the plaintiffs leave to refile and serve the complaint, which they did in May 1989. The defendants pursued summary judgment based upon the statute of limitations, which the trial court granted. This Court reversed, proffering the following explanation:

> The trial court correctly found that no proper service occurred in this case until 1989; however, the trial court erred in granting summary judgment for Neill because Neill waived any defects in service of process. Neill filed an answer to the complaint and other documents without filing timely preliminary objections to the manner of service. The trial court also erred in granting summary judgment for Chazin, since Chazin had filed an appearance and request for documents. Thus, in our judgment,

- 8 -

counsel for Chazin had also taken affirmative action to defend the case. No objection to service was made until two years later. Indeed, our Supreme Court . . . has held that one can waive service of process by various means and become a party to a suit by filing an appearance.

Defects in service of process must be raised in preliminary objections. By filing an answer to the complaint, Neill waived all matters that must be addressed in preliminary objections, including the defect in service. Although Chazin did file preliminary objections, they came too late to support a defect theory.

Neill's March 1987 petition to amend does not alter our finding of waiver. Defects in service cannot be attacked by asserting the statute of limitations, but must be addressed in preliminary objections; accordingly, this petition did not preserve the issue nor did it revoke the waiver of defects.

We note in passing that Neill and Chazin have not suffered any prejudice as a result of this defective service. Neill and Chazin were notified of the suit against them and their attorney had a copy of the complaint. It appears that the case was proceeding routinely until this motion was filed.

Given our finding that the defects in the initial service were waived, we must hold that the complaint against Neill and Chazin was not barred by the statute of limitations.

*Id*. at 492 (cleaned up).

The ***Galeone*** appeal also involved a case in which the trial court granted summary judgment based upon the statute of limitations because the defendants were not timely served. There, Jeffrey Galeone sued the franchisor Choice Hotels ("Choice"), franchisee Rodeway Inn ("Rodeway"), and manager "Brian K." for violations of the Americans with Disabilities Act that allegedly took place on August 6, 2017. Galeone filed his complaint on July 14, 2018, but did not reinstate it before it was served upon the defendants

- 9 -

in October 2018. Choice and Galeone litigated rounds of preliminary objections, culminating in an April 2019 court order directing all three defendants to answer Galeone's amended complaint. "For their part, neither Rodeway nor Brian K. had participated in any aspect of pre-trial proceedings, as counsel had not yet entered her appearance." **Galeone**, 2021 WL 3126754, at *2.

When Roadway and Brian K. failed to file responsive pleadings, Galeone praeciped for a default judgment, resulting in judgment being entered against both defendants on October 2, 2019. Within ten days, counsel entered her appearance on behalf of the defaulted defendants and filed a petition to open or strike the judgment, asserting the issue raised by Choice in its preliminary objection regarding untimely service of the original complaint. While that petition remained pending, all three defendants moved for summary judgment based upon service after the expiration of the statute of limitations. Ultimately, the trial court granted both the petition to strike and the motion for summary judgment.

On appeal, Galeone urged this court to reverse arguing, *inter alia*, that:

Rodeway and Brian K.'s failure to file preliminary objections challenging his allegedly improper service of process in the first place, and opting, instead, to allow eight months to pass and the limitations period to run before filing their motion for summary judgment raising a limitations defense represented a belated and procedurally improper attack on service of process under our Rules of Civil Procedure.

*Id*. at *3.

Upon reviewing the applicable precedent, we rejected Galeone's waiver argument. This Court acknowledged that the case was analogous to *Cinque* in some respects, namely that the defendants in both cases "received actual, albeit defective, notice of original process filed against them with time remaining in the limitations period, filed no preliminary objections against the defective service, and waited a considerable amount of time before raising a limitations defense in an answer to the plaintiffs' complaint." *Id*. at *8.

However, the Court found "the pivotal facts present in *Cinque*" to be "that the defendants had entered their appearances, participated in extensive discovery, and engaged in litigation" before raising their service objections. *Id*. We explained:

> In short, *Cinque* stands for the proposition that defendants effectively waive their option of filing preliminary objections to defective process once they take affirmative steps to defend the case by filing an answer to the complaint and participating in discovery. Having both failed to object to defective service initially and failed to assert the statute of limitations in their initial answers, the *Cinque* defendants could not participate in pretrial proceedings and later claim that service was defective.
>
> In contrast, Rodeway and Brian K. took no part in pre-trial proceedings or discovery, and its lawyer entered her appearance only after the Rodeway defendants received the court's order granting default judgment against them and in Galeone's favor. At that time, counsel for Rodeway entered her appearance for the first time and filed a motion to strike or open default judgment raising an objection to defective service that had been filed [sixty-five] days beyond the [thirty]-day service of process time limit prescribed in Rule 401(a), and to the failure to reinstate the complaint and effect proper service for the remainder of the statute of limitations period.
>
> . . . .

- 11 -

Furthermore, while Galeone's initial—and only—attempt to serve the complaint occurred with nearly [ten] months left before the limitations period expired, we decline to find he demonstrated a "good faith effort" to serve the complaint to Rodeway and Brian K. in compliance with the applicable rules of the court. Galeone knew he had served the[se d]efendants approximately [ninety-five] days after the date on which he filed the complaint, which was over two months beyond the service of process timeline provided in Rule 401(a).

Yet, without any explanation given, he allowed more than nine months, and the limitations period, to pass without ever reinstating his complaint under the Rules and effecting proper service . . . . Indeed, given the lack of proper service, Rodeway and Brian K.'s attorney did not even make an appearance in the case until after the expiration of the limitations period and only upon the defendants' receipt of the court's order entering default judgment against them, a prejudicial occurrence that placed the defendants in serious difficulty.

*Id*. at *8-9 (cleaned up). Therefore, this Court affirmed the grant of summary judgment to Rodeway and Brian K. based upon the defective service and the dismissal of the complaint with prejudice.

Even more recently, our High Court reached the merits of a *Lamp*-based defective service challenge raised in a motion for judgment on the pleadings in *Ferraro*. In that case, the defendant did not challenge belated service by preliminary objection, opting instead to plead it as a new matter, implicating the statute of limitations. The plaintiff did not file preliminary objections to the new matter, but rather replied thereto, "denying all allegations as legal conclusions to which no response is required and specifically denying factual allegations and demanding proof of them." *Ferraro*, 313 A.3d at 992. The

defendant then filed a motion for judgment on the pleadings, which the trial court denied, and this Court affirmed.

The **Ferraro** Court recognized that the defendant incorrectly raised its **Lamp** claim by new matter rather than preliminary objection. The Court also observed that the plaintiff could have, but did not, file preliminary objections contesting the defendant's incorrect manner of invoking **Lamp**. Our High Court noted that the trial court resolved the question through "allow[ing] the parties to develop the facts underlying this dispute in the briefs and arguments filed as a result of [the defendant]'s motion for judgment on the pleadings." **Id**. at 991 n.2. The Court then elected to address the merits of the **Lamp** issue because the plaintiff did not object to the issue being resolved on the context of a motion for judgment on the pleadings and the facts appeared to be uncontested. **Id**. The **Ferraro** Court ultimately reversed, holding that the plaintiff did not demonstrate a diligent, good faith effort to timely serve the defendant that would continue to toll the statute of limitations pursuant to **McCreesh**. **Id**. at 1010.

This ruling is another product of the aforementioned balancing of the parties' rights our Supreme Court has undertaken in enforcing procedural rules. Generally speaking, the Rules of Civil Procedure are to "be liberally applied to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.Civ.P. 126(a). In that vein, Rule 126 expressly provides that "[t]he court at every stage of any

such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties." *Id*. However, "[s]ervice of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." ***Delaware Valley Landscape Stone, Inc. v. RRQ, LLC***, 319 A.3d 551, 560 (Pa.Super. 2024) (cleaned up). "Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her." *Id*. (cleaned up).

Whether a party has commenced an action in a manner that supplies the court with jurisdiction over the defendants is a significant issue implicating constitutional rights to due process. ***See***, ***e.g.***, ***Wagner v. Wagner***, 768 A.2d 1112, 1119 (Pa. 2001). Although the absence of personal jurisdiction may be waived by failure to raise an objection in accordance with the Rules of Civil Procedure, our Supreme Court has been less stringent in its enforcement of the Rules providing the means for challenging jurisdiction than it has in monitoring compliance with Rules that govern establishing the court's jurisdiction in the first place. ***See***, ***e.g.***, ***Ferraro***, 313 A.3d at 991 n.2, 999 (overlooking the defendant's failure to raise his challenge to service by preliminary objection, but indicating that "[v]alidity of service is essential, and failure to perfect service is fatal to a lawsuit"); ***Wagner***, 768 A.2d at 1120 (reviewing the merits of the husband's challenge to the trial court's personal jurisdiction over him, although he raised the issue more than two years after

- 14 -

he was served with the complaint rather than by promptly filing preliminary objections, where the circumstances of the case rendered application of waiver due to failure to follow procedural rules "inappropriate").

At bottom, we agree that **Cinque** calls for a waiver finding when a defendant actively litigated the merits of a case for a significant time before challenging service. However, we perceive the **Ferraro** Court's election to decide the merits of the **Lamp** issue despite the defendant's failure to raise it by preliminary objection to enhance the persuasive value of **Galeone**'s limiting assessment of **Cinque**. In other words, we conclude that a waiver finding is not mandated by a defendant's failure to file preliminary objections to service in situations where, as in **Galeone** and **Ferraro**, a defendant raises his service challenge in his initial response to the complaint, albeit not by preliminary objection.

Applying this determination to the instant case, we note that, as in **Ferraro**, none of the parties has strictly complied with the Rules of Civil Procedure. In particular, Defendants did not raise their **Lamp** claim by preliminary objection, and Plaintiff did not contest the propriety of Defendants raising **Lamp** by new matter by filing preliminary objections. Thus, neither Defendants nor Plaintiff satisfied their obligations pursuant to Pa.R.Civ.P. 1028(a)(1), (2), and 1032(a). Plaintiff asks us to punish Defendants for making the same procedural error that he made, which is not a compelling place to start. More significantly, as in **Galeone** and **Ferraro**, the facts

- 15 -

pertinent to the service issue are not in dispute, and the certified record evinces no manner in which either party was prejudiced by the other's procedural misstep. Unlike the defendants in *Cinque*, Defendants did not litigate the merits of the case before alerting the plaintiff that service was objectionable. Defendants herein, like the defendants in *Galeone* and *Ferraro*, raised their *Lamp* objection in their initial response to the complaint. Consequently, in accord with *Ferraro* and *Galeone*, we decline to hold that Defendants waived their objection to defective service by not filing preliminary objections.

Plaintiff's remaining waiver argument is that the trial court's order should be reversed because Defendants unduly delayed in filing their motion for judgment on the pleadings. *See* Plaintiff's brief at 23-24. Pursuant to Rule 1034: "After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." Pa.R.Civ.P. 1034(a).

Plaintiff complains that, although the pleadings were closed in mid-November 2022, Defendants did not file their motion until mid-March 2023. *See* Plaintiff's brief at 24. In the response to Defendants' motion filed in the trial court, Plaintiff's whole argument on this issue was as follows: "Defendants waited five months after the Complaint was filed and [fifteen] months after the statute of limitations had expired to raise the issue of improper service. Defendants should not be permitted to claim prejudice due

- 16 -

to undue delay, and then themselves cause undue delay and prejudice to [Plaintiff]." Brief in Support of Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings, 4/10/24, at 3-4. In this Court, Plaintiff amplifies his argument to assert that, in the time between the filing of the complaint and Defendants' motion, he had "diligently advanced the litigation by gathering evidence, engaging with insurance companies, and preparing for trial or potential settlement." Plaintiff's brief at 24. He further contends that the motion "stalled the momentum of the case, which was proceeding toward resolution." *Id*.

The trial court, responding to the meager argument Plaintiff presented to it, opined as follows:

> Plaintiff offered no legal authority to support his argument. Nor did he aver any facts that would tend to establish that the motion was untimely. A glance at the docket shows no motion or order regarding discovery. There is no case management order outlining a schedule for the parties to follow. Trial is not scheduled. Simply put, aside from the Plaintiff's bald assertion, there is nothing to suggest that he was prejudiced by the timing of the motion.
>
> Most of the [fifteen] months that Plaintiff points to is of his own doing. His delay was palpable, and the prejudicial nature of the delay is obvious. In comparison, the court cannot say with certainty that the four months between the closing of the pleadings and the filing of the motion constitutes a delay. Even if this was a delay, the Plaintiff has done nothing to establish that it was unduly burdensome or that he was prejudiced as a result. Accordingly, the court did not err in not finding that the motion was untimely.

Trial Court Opinion, 9/3/24, at 7 (cleaned up).

We find no fault with the trial court's ruling. Plaintiff caused nearly all of the delay that he bemoans by failing to serve the writ and failing to seek immediate adjudication of Defendants' service challenge. Certainly the expense of Plaintiff's resources during the period between his filing of the writ and Defendants' answering of the complaint once Plaintiff finally served them is unattributable to Defendants. Further, the four months from the closing of the pleadings to the filing of Defendants' motion was not a long interval. Absent any indication of record that a trial date was imminent or postponed due to the filing of Defendants' motion, we find no merit to Plaintiff's position that it was untimely.

Having rejected Plaintiff's arguments that the trial court erred in declining to find that Defendants waived their *Lamp* challenge, we turn to his remaining issues relating to the merits of the court's *Lamp* ruling. Plaintiff maintains that he acted with due diligence in attempting to serve Defendants and he properly did so after having the writ reissued. *See* Plaintiff's brief at 18-20. He points to the fact that Defendants had actual notice of the suit, and posits that, "[w]hile there may have been technical missteps in serving . . . Defendants, they were aware of the litigation throughout the process."[2]

_____

[2] Plaintiff makes his actual-notice argument by advancing his position that the trial court erred in not following the *Peterson* trial court decision. Of course, neither this Court nor the trial court is bound by that common pleas court decision. *See Estate of Hollywood v. First Nat. Bank of Palmerton*, 859 A.2d 472, 484 (Pa.Super. 2004) (observing that the decision of a trial court
*(Footnote Continued Next Page)*

- 18 -

*Id*. at 22. Plaintiff concludes that he "should not be penalized for technical errors" because he "made a good faith effort to serve . . . Defendants by attempting to contact interested parties, adhering to state and local procedures, and diligently executing service through the sheriff." *Id*.

Plaintiff misapprehends what qualifies as good faith, diligent efforts at service. Further examination of *Ferraro* is instructive in this regard. In that case, the statute was set to expire on August 26, 2020. The plaintiff filed her complaint on March 4, 2020, and immediately made one failed attempt at service in accordance with Pa.R.Civ.P. 400(a).[3] She had a private process server provide a copy of the complaint to the defendant in May 2020. On November 3, 2020, the plaintiff reinstated the complaint and succeeded in effectuating service by the sheriff on November 30, 2020.

In opposing the defendant's *Lamp*-based motion for judgment on the pleadings, the plaintiff contended "that her initial instruction to the [s]heriff [wa]s sufficient to establish her good faith effort to effectuate service of process on the defendant[,]" and that "even if she knew the attempt at service failed, her use of the private process server to follow up and give notice

_____

"does not bind the decision of this Court or that of the trial court in [another c]ounty"). Accordingly, the direct answer to Plaintiff's fourth question is no, the trial court in the case *sub judice* did not err by not following the **Peterson** decision of a Dauphin County trial court.

[3] Rule 400(a) provides that, with exceptions not relevant here, "original process shall be served within the Commonwealth only by the sheriff."

- 19 -

evidence[d] that she did not intend to stall the litigation." ***Ferraro***, 313 A.3d at 1009. The Court rejected her arguments, explaining that actual notice enters the ***McCreesh*** good-faith-efforts analysis only if it flowed from an attempt to achieve proper service in accordance with the Rules of Civil Procedure:

> We have never held that **any** notice to a defendant of the pendency of a lawsuit is a substitute for service of process and we refuse to do so here. Our allowance of a deviation from strict compliance with our service rules when notice is imparted to the defendant is tied to a good faith effort to comply with the Rules. In ***McCreesh***, we did not detach notice to the defendant of the pendency of a lawsuit from service of process. The ***McCreesh*** plaintiff incorrectly believed that certified mail to the defendant would effectuate service of process both in fact and by analogy of certified mail delivery to service by a competent adult. Here, Ferraro's counsel understood that the private process server could not effectuate service of process under [Rule 400(a)].

***Ferraro***, 313 A.3d at 1010–11 (footnote omitted, emphasis in original). The Court continued:

> Plaintiffs cannot opt out of the Rules to give notice of the commencement of a lawsuit by informal means. If attempts at service of process are optional for giving such notice, then no plaintiff would be required to rely on the service of process Rules to impart notice. Such a result removes the predictability of the Rules which require docketing of service and service attempts. Removing these formalities does not promote the just, speedy, or inexpensive determination of actions since notice to a defendant by methods at plaintiff's option would foment additional litigation.

***Id***. at 1011.

Here, Plaintiff made absolutely no effort to conform to the mandates of the Rules of Civil Procedure regarding service of process until nearly seven months after his writ was filed, and nearly half of a year after the date the

statute of limitations was set to expire. The fact that Defendants received actual notice by means wholly divorced from any attempt to comply with the Rules does not bring this case within the ambit of **McCreesh**'s reprieve from the punishment of dismissal.

Since Plaintiff failed to undertake the type of diligent efforts to serve Defendants necessary for his writ to have tolled the running of the statute of limitations, the trial court properly held that **Lamp** and its progeny warranted the dismissal of Plaintiff's claims. Accordingly, we affirm the trial court's order doing so.

Order affirmed.

Judge Olson joins this Memorandum.

Judge Stabile files a Concurring & Dissenting Memorandum.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/11/2025</u>