J-A07035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| JOHN E. RIPKA III | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BARRY LEE GRAMM AND FISHER | : | No. 1133 MDA 2024 |
| AUTO PARTS, INC. | : | |

Appeal from the Order Entered July 16, 2024
In the Court of Common Pleas of Cumberland County
Civil Division at No: 2022-09312

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

CONCURRING AND DISSENTING MEMORANDUM BY STABILE, J.:

FILED:DECEMBER 11, 2025

I concur with the Majority's determination that Defendants were required to file preliminary objections to the complaint alleging that Plaintiff made improper service of original process. I respectfully dissent, however, to the Majority's refusal to hold that Defendants waived their objection to improper service. Under Pennsylvania Rules of Civil Procedure 1028 and 1032 and relevant caselaw, Defendants waived this objection by raising it in their answer and new matter instead of by way of preliminary objections. Consequently, the trial court erred in granting Defendants' motion for judgment on the pleadings based on improper service.

The Majority invokes Pennsylvania Rule of Civil Procedure 126 in an attempt to excuse Defendants' failure to file preliminary objections. Rule 126, however, only permits the court to disregard a party's procedural error when

(1) the party substantially complies with the pertinent rule and (2) the error does not affect the substantive rights of any party. In this case, Defendants did not substantially comply with Rule 1032; they disregarded this rule in its entirety. Moreover, excusing Defendants' error clearly affects Plaintiff's substantive rights because excusal results in the dismissal of Plaintiff's action. Therefore, I disagree that Rule 126 can be used to salvage the Defendants' missteps in this case.

For these reasons, and as explained below, I would vacate the order granting judgment on the pleadings and remand for further proceedings.

The Majority accurately summarizes the factual and procedural history of this case. The Majority also holds correctly that Defendants must raise objections to service of original process under **Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976), in preliminary objections to the complaint instead of in an answer to the complaint with new matter. They did not do so here.

I part ways, however, with the Majority's determination that Defendants did not waive the **Lamp** issue even though they failed to raise **Lamp** in preliminary objections to Plaintiff's complaint. I would find that Defendants waived the **Lamp** issue under the circumstances of this case.

Pennsylvania Rule of Civil Procedure 1028 prescribes that preliminary objections to the complaint include "improper form or service of a writ of summons or a complaint." Pa.R.Civ.P. 1028(a)(1). Moreover, Pennsylvania Rule of Civil Procedure 1032 provides that the defendant waives objections to

untimely service of process by failing to file preliminary objections to the complaint:

> (a) A party **waives all** defenses and **objections which are not presented  either by preliminary objection**, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.

Pa.R.Civ.P. 1032(a) (emphasis added).  Under Rule 1032(a), a party's failure to file preliminary objections results in irrevocable waiver of multiple defenses, including, for example, lack of jurisdiction over the person, *see Yentzer v. Taylor Wine Co.,* 186 A.2d 396, 398 (Pa. 1962), and misjoinder of causes of action, *see Citizens Bank of Pennsylvania v. Myers*, 872 A.2d 827, 835 (Pa. Super. 2005).  Most pertinently, consistent with Rule 1032(a), courts have instructed that parties waive challenges to defective service of process by failing to file preliminary objections.  *See Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987, 991 n.2 (Pa. 2024); *Crown Const. Co. v. Newfoundland American Ins. Co.*, 239 A.2d 452, 454 (Pa. 1968); *Cinque v. Asare*, 585 A.2d 490 (Pa. Super. 1990).

In *Crown Const. Co.*, the defendant, Newfoundland, raised an objection to service of process during oral argument before our Supreme

Court.[1]  The Court held that the defendant waived its objection by failing to raise it in preliminary objections:

> [T]his question of defective service should have been raised by Newfoundland under Pa.R.C.P. 1017(b)(1)[2] and it was not so raised.  On the contrary, Newfoundland not only did not question the jurisdiction over its person by reason of defective service but i[t] filed an answer on the merits.  That jurisdiction over the person may be waived is clear: **Yentzer v. Taylor Wine Co.**, 409 Pa. 338, 342, 186 A.2d 396 (1962) and authorities therein cited.  Under Pa.R.C.P. 1032,[3] Newfoundland's failure to raise the

---

[1] The objection appeared to concern the fact that the plaintiff made service by registered mail instead of by personal service.  **Id.**, 239 A.2d at 454.

[2] Pa.R.Civ.P. 1017(b), the rule in effect when **Crown Const. Co.** was decided in 1968, is materially the same as Pa.R.Civ.P. 1028, the rule in effect today.  In 1968, Rule 1017(b) provided that preliminary objections could include "a petition ... attacking the form or service of a writ of summons."  Pa.R.Civ.P. 1017(b)(1) (former version).  In 1991, Rule 1017(b) was transferred to Rule 1028(a).  Pa.R.Civ.P. 1017, Explanatory Comment—1991.  Rule 1028 provided that preliminary objections can include various "grounds," including a challenge to "[the] form or service of a writ of summons."  Although Rule 1028(a) made various linguistic changes—e.g., replacing Rule 1017(b)'s phrase "petition … attacking" with "grounds"—these changes were "change[s] in style only."  Pa.R.Civ.P. 1017, Explanatory Comment—1991.

Subsequent to 1991, Rule 1028 has been amended several times, but the amendments were either stylistic or concerned different subjects.  **See** Pa.R.Civ.P. 1028, Explanatory Comment—Oct. 24, 2003 (referring to Explanatory Comment following Pa.R.Civ.P. 239) & Explanatory Comment— Dec. 16, 2003 (referring to Explanatory Comment preceding Pa.R.Civ.P. 1501); **see also** 35 Pa.B. 6318 (2005 amendment), 46 Pa.B. 3797 (2016 amendment).  The pertinent text of Rule 1028(a), the right to challenge "[the] form or service of a writ of summons", remains intact.

[3] The relevant text of Rule 1032 when the Supreme Court decided **Crown Const. Co.** was the same as it is now.  Rule 1032 was amended twice after **Crown Const. Co.**, but those amendments concerned different subjects.  **See** Pa.R.Civ.P. 1032, Explanatory Comment—1994 & Explanatory Comment— 2003 (referring to Explanatory Comment preceding Pa.R.Civ.P. 1501).

question of defective service, by way of preliminary objections, as well as its answer on the merits waived any defect in the service.

*Id.*, 239 A.2d at 454.

In **Cinque**, the plaintiffs filed personal injury complaints three days before the statute of limitations expired. The plaintiffs mailed copies of the complaints to defense counsel but failed to serve the defendants with the complaint. The court consolidated the plaintiffs' actions. It is important to contrast the conduct of two of the defendants, Neill and Chazin, because subsequent decisions of this Court, including the Majority memorandum herein, conflate their conduct erroneously.

After Neill was served with the complaint, Neill filed an answer to the complaint with new matter approximately one month after the statute expired. Another month later, Neill filed a petition to amend his answer to include a statute of limitations defense. In this petition, Neill stated that he had learned, for the first time, that the complaint had not been served. The court never disposed of the petition. Over two years later, the plaintiffs filed an amended complaint and served Neill with the complaint.

In contrast, after defendant Chazin was served with the complaint, she had her attorney enter his appearance, requested discovery, and filed preliminary objections to service two years later.

Both Neill and Chazin filed motions for summary judgment, claiming that they were not properly served until two years after the filing of the complaint. The trial court granted the defendants' motion. The plaintiff appealed to this

- 5 -

Court, which held that both Neill and Chazin waived their objection to improper service, but for different reasons. I recite **Cinque's** reasoning in full below, and I highlight its reasoning concerning Neill because it is squarely on point with the present case:

> **The trial court correctly found that no proper service occurred in this case until 1989; however, the trial court erred in granting summary judgment for Neill because Neill waived any defects in service of process. Neill filed an answer to the complaint and other documents[4] without filing timely preliminary objections to the manner of service.** The trial court also erred in granting summary judgment for Chazin [a second defendant], since Chazin had filed an appearance and request for documents. Thus, in our judgment, counsel for Chazin had also taken affirmative action to defend the case. No objection to service [by Chazin] was made until two years later. Indeed, our Supreme Court, in **Peterson v. Philadelphia Suburban**, 435 Pa. 232, 255 A.2d 577 (1969), has held that one can waive service of process by various means and become a party to a suit by filing an appearance.
>
> Defects in service of process must be raised in preliminary objections. **Cf. Martin v. Gerner**, 332 Pa. Super. 507, 514, 481 A.2d 903, 907 (1984); **Hoover v. Bucks County Tax Claim Bureau**, 44 Pa. Cmwlth. 529, 530, 405 A.2d 562, 563 (1979). **By filing an answer to the complaint, Neill waived all matters that must be addressed in preliminary objections, including the defect in service.** Although Chazin did file preliminary objections, they came too late to support a defect theory.

**Id.** at 492 (emphasis added). **Cinque** added that Neill's petition to amend his answer did not alter our finding of waiver, because "[d]efects in service cannot be attacked by asserting the statute of limitations, but must be

---

[4] As I discussed earlier, the "other documents" were Neill's petition to amend his answer to the original complaint and a motion for summary judgment.

addressed in preliminary objections; accordingly, this petition did not preserve the issue nor did it revoke the waiver of defects."[5] *Id.*

Significantly, *Cinque* held that there were two independent ways in which the defendant could waive his *Lamp* objection. One was by filing an answer to the complaint with new matter instead of filing preliminary objections that raised a *Lamp* objection, as Neill did. The other was by having counsel enter his appearance and request discovery, as Chazin did. *Cinque* did **not** hold that the defendant must commit both errors to waive his *Lamp* objection. Defendants herein waived their *Lamp* objection for precisely the same reason that Neill did in *Cinque*, that is, by raising this objection in their new matter instead of in preliminary objections to the complaint.

Most recently, in *Ferraro*, the plaintiff failed to make proper service of the complaint on the defendant until over two months after expiration of the statute of limitations. The defendant failed to file preliminary objections raising a *Lamp* objection, opting instead to file an answer to the complaint raising a *Lamp* objection in new matter. *Id.*, 313 A.3d at 991. Our Supreme Court criticized the defendant for raising the *Lamp* objection in new matter instead of in preliminary objections. The Court, however, elected to decide

---

[5] *Cinque* did not cite any rule of civil procedure in its analysis. Nevertheless, as was the case in *Crown Const. Co.*, the rules in effect at the time *Cinque* was decided were materially the same as the rules in effect today. *See* nn. 2 & 3, *supra*.

the substance of the appeal due to (1) the plaintiff's failure to file preliminary objections to new matter objecting to the untimeliness of the *Lamp* objection and (2) the plaintiff's failure to raise this objection in his response to the defendant's motion for judgment on the pleadings:

> This case is infected with multiple procedural irregularities. First, [the defendant] challenged the efficacy of the plaintiff's service of process by way of new matter raising the statute of limitations. In *McCreesh v. City of Philadelphia*, 888 A.2d 664 (Pa. 2005), we made clear that a challenge arising under the rule articulated in *Lamp* . . . and its progeny is a challenge to service of process and not a challenge based on the statute of limitations. *McCreesh*, 888 A.2d at 668 n.10. Pennsylvania Rule of Civil Procedure 1028 requires challenges to service of process to be made by filing preliminary objections endorsed with a notice to plead and to be decided on an evidentiary record. Pa.R.C.P. 1028(a)(1) and note. However, [the plaintiff] did not file preliminary objections challenging the new matter raising the defect in service based on [the defendant's] failure to comply with rule of court pursuant to [Rule] 1028(a)(1). Instead, the trial court allowed the parties to develop the facts underlying this dispute in the briefs and arguments filed as a result of [the defendant's] motion for judgment on the pleadings. Because [the plaintiff] did not object to this procedure and the facts appear to be uncontested, we will decide the appeal based on those facts.

*Id.*, 313 A.3d at 991 n.2.

In this case, Plaintiff timely filed a writ of summons less than one month before the expiration of the statute of limitations. However, Plaintiff failed to serve the writ on Defendants within the next thirty days. Plaintiff then waited more than six months after the limitations period expired before re-issuing the writ and serving it upon Defendants. Nine months after the statute expired, Plaintiff filed his complaint. The proper procedure in this situation would have been for Defendants to file preliminary objections to the complaint

seeking dismissal of the complaint under *Lamp* and its progeny. *See Ferraro*, 313 A.3d at 991 n.2. Defendants, however, failed to take this step. Thus, Defendants waived their right to seek dismissal under the *Lamp* doctrine. *Crown Const. Co.*, 239 A.2d at 454; *Cinque*, 585 A.2d at 492.

I acknowledge that when Defendants filed their new matter raising *Lamp*, a proper response would have been for Plaintiff to file preliminary objections to new matter moving to strike the *Lamp* allegations on the ground that Defendants waived *Lamp* by failing to file preliminary objections to the complaint. *Ferraro* makes this point in the passage recited above. *Id.*, 313 A.3d at 991 n.2. Plaintiff, however, failed to file preliminary objections to new matter; opted instead to file a reply to new matter; and waited until his response to Defendants' motion for judgment on the pleadings before arguing that Defendants waived *Lamp*. Under these circumstances, Defendants could have argued, in support of their motion for judgment on the pleadings, that Plaintiff waived his objection to Defendants' untimely *Lamp* allegations in new matter. Defendants, however, failed to raise Plaintiff's waiver in the trial court or in this Court. As a result, Defendants waived Plaintiff's waiver. *See Commonwealth v. Sanchez*, 82 A.3d 943, 972 n.10 (Pa. 2013) (where Commonwealth, as appellee, failed to argue that defendant waived arguments by failing to raise them in trial court in timely manner, Commonwealth "waived the waiver"); *Commonwealth v. Dabney*, 274 A.3d 1283, 1292 n.11 (Pa. Super. 2022) (addressing argument raised for first time on appeal because Commonwealth, as appellee, did not argue that defendant waived issue).

I am constrained to disagree with the rationales advanced by the Majority for finding that Defendants did not waive their **Lamp** objection. The Majority argues that Defendants' failure to file preliminary objections is forgivable under Pa.R.Civ.P. 126(a), which provides that "[t]he court at every stage of an[] action . . . may disregard any error or defect of procedure which does not affect the substantive rights of the parties." **Id.** Our Supreme Court's jurisprudence makes clear that Rule 126(a) does not apply to Defendants' conduct in this case. **See Sahutsky v. H.H. Knoebel Sons**, 566 Pa. 593, 782 A.2d 966 (2001); **Womer v. Hilliker**, 589 Pa. 256, 908 A.2d 269, 276 (2006).

The Court has interpreted Rule 126 to excuse a limited subset of procedural errors, "[W]hile we look for full compliance with the terms of our rules, we provide a limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires." **Womer**, 908 A.2d at 276. This doctrine of "substantial compliance" operates to "excuse[] a party who commits a procedural misstep in attempting to do that which a rule instructs," where the procedural defect "does not prejudice a party's rights." **Id.** at 278. This doctrine, the Court emphasized, "is one of *substantial* compliance, not one of *no* compliance." **Id.** It is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety . . ." **Id.**

in **Sahutsky**, for example, the Court determined that the plaintiffs' failure to take any steps to comply with the terms of Pa.R.Civ.P. 3051 was not

the sort of default that Rule 126 was meant to cover. When the plaintiffs in *Sahutsky* neglected to pursue their action, the defendant filed a motion for a judgment of *non pros.* The trial court entered judgment of *non pros* and dismissed the plaintiffs' complaint with prejudice. The plaintiffs did not file a petition to open the judgment of *non pros* under Rule 3051 but instead filed a direct appeal to the Superior Court. The Supreme Court held Rule 3051 clearly directed that a petition to open be filed initially with the trial court, so the plaintiffs' failure to take this step operated as a waiver of any of the claims of error concerning the judgment of *non pros* entered by the trial court. *Id.*, 782 A.2d 998-1000. The Court held that Rule 126 did not excuse the plaintiffs' error, because they failed to file even a procedurally flawed Rule 3051 petition. Rule 3051, the Court stated, was not meant to excuse non-compliance with our rules when a party had made no attempt to conform. *Id.* at 1000-01.

In *Womer*, Pennsylvania Rule of Civil Procedure 1042.3(a) required the plaintiff to file a certificate of merit ("COM") in a professional liability action within sixty days after filing his civil complaint. The plaintiff failed to file a COM with his complaint or within the next sixty days; nor did he file a motion to extend the time for the filing of a COM, as was allowed under another subpart of Rule 1042.3. The defendant entered judgment of non pros for the plaintiff's failure to file a COM, as the Rules entitled him to do. The plaintiff filed a petition to open judgment and attached an expert report that, according to the plaintiff, included the same information that a COM would have included. The trial court denied the plaintiff's petition to open judgment. The

Supreme Court held that the trial court's decision was correct. In response to the plaintiff's argument that the trial court should have opened judgment under Rule 126, the Supreme Court reasoned that Rule 126 called for substantial compliance and did not excuse the plaintiff's compete non-compliance with the requirement to file a COM.

Like the plaintiffs in **Sahutsky** and **Womer**, Defendants herein completely failed to comply with the relevant rule of civil procedure—specifically, the requirement in Rule 1028 to file preliminary objections to the complaint alleging lack of proper service. Rule 1032 provides that failure to file objections to service operates as a waiver to this objection. Rule 126 does not excuse Defendants' omission, since it requires "*substantial* compliance" with the Rules but does not tolerate "*no* compliance." **Womer**, 908 A.2d at 278.

There is a second, independent reason why Rule 126 does not apply here. Rule 126 only permits the court to excuse a party's procedural error when it will not affect a party's substantive rights. Excusal of Defendants' error clearly prejudices Plaintiff's substantive rights because it results in a complete dismissal of Plaintiff's action by the grant of judgment on the pleadings. I cannot think of a more prejudicial circumstance to a party's action.

I have explained that our precedential decision in **Cinque** squarely applies to the present case. The Majority claims that **Cinque** does not apply, relying on a non-precedential ruling in **Galeone v. Rodeway Inn Center**

*City*, 2021 WL 3126754 (Pa. Super., Jul. 23, 2021).  I find *Galeone* wholly unpersuasive.

The certified record in *Galeone* reflects the following.  On July 14, 2018, the plaintiff sued several defendants[6] for violating the Americans With Disabilities Act ("ADA")[7] in August 2017.  On October 17, 2018, the plaintiff served the complaint on the defendants.  Service was untimely under Pa.R.Civ.P. 401(a), which requires service of original process on Pennsylvania defendants within thirty days after the filing of the complaint.

On October 2, 2019, the plaintiff entered a default judgment against the defendants for failure to file a responsive pleading to the original complaint.

On October 11, 2019, the defendants filed a timely motion to open or strike the default judgment arguing, *inter alia*, that the judgment should be stricken due to the plaintiff's failure to make timely service of the original complaint under Rule 401(a).  Attached as an exhibit to the motion was a proposed answer to the amended complaint that the defendants sought to file.  Notably, the defendants did not seek leave to file preliminary objections objecting to improper service of process.  The court entered an order that the default judgment was both "stricken and opened" and ordered the defendants to file their answer (which they did).

---

[6] Two of the defendants were from Pennsylvania, while another defendant was from out of state.  My discussion focuses on the Pennsylvania defendants.

[7] 42 U.S.C. §§ 12101-12213.

On November 4, 2019, the defendants moved for summary judgment. They argued, *inter alia*, that the statute of limitations for actions under the ADA had expired, and that the plaintiff had failed to make proper service of original process prior to expiration of the statute. In response, the plaintiff contended that the defendants failed to file preliminary objections to strike service of process. The court granted summary judgment to the defendants.

The plaintiff appealed to this Court and argued that the defendants waived any objection to service of process by (1) failing to file preliminary objections, (2) filing an answer to the complaint, and (3) allowing eight months to pass and the limitations period to run before filing motions for summary judgment.

Invoking **Lamp**, a panel of this Court affirmed the order granting summary judgment, stating:

> [The plaintiff's] failure to adhere with [Rule 401] . . . meant that he had failed to toll the statute of limitations and, thereby, keep his complaint "alive" for the remainder of the limitations period. The trial court concluded, therefore, that the complaint was necessarily "dead" after 30 days had passed without proper service of process, and [the plaintiff's] failure to reinstate the complaint and serve it properly upon Defendants during the nine months that remained in the limitations period meant that he had failed to revive it.

*Id.* at *8. The panel further held that the plaintiff did not make a good faith attempt to serve the defendants because he served them long after the thirty-day period for service expired and made no further effort to serve them before the statute of limitations expired. *Id.*

The facts in *Galeone* are similar to the facts in the present case. Consequently, I believe this Court should have entered the same decision in *Galeone* as the decision I would reach in this case. When the defendants in *Galeone* filed their motion to strike the judgment, they had the opportunity to attach proposed preliminary objections to strike service of process to their motion and dismiss the case against them under *Lamp*. *See* Pa.R.Civ.P. 237.3(a) ("A petition for relief from a judgment ... by default ... shall have attached thereto a copy of the preliminary objections and/or answer which the petitioner seeks leave to file"). The defendants, however, only attached a proposed answer to the complaint with new matter to their motion, which the court granted them leave to file. Thus, like Defendants in the present case, the defendants in *Galeone* waived their right to seek dismissal under the *Lamp* doctrine. *Crown Const. Co.*, 239 A.2d at 454; *Cinque*, 585 A.2d at 492; *see also Ferraro*, 313 A.3d at 991 n.2.

The similarities between *Galeone* and the present case do not end there. The defendants in *Galeone* (like Defendants herein) raised *Lamp*-related defenses in their new matter. The plaintiff in *Galeone* (like Plaintiff herein) failed to file preliminary objections to strike the *Lamp*-related allegations in new matter. The defendants in *Galeone* (like Defendants herein) filed a dispositive motion raising *Lamp*. The plaintiff in *Galeone* (like Plaintiff herein) filed an answer to the dispositive motion arguing, for the first time, that the defendants failed to file preliminary objections to service of

process. The trial court in *Galeone* (like the trial court herein) granted the defendants' motion and entered judgment in their favor. The plaintiff in *Galeone* (like the plaintiff herein) appealed to this Court and argued in his brief that the defendants waived their *Lamp* argument by failing to file preliminary objections to the complaint. The relevant defendants in *Galeone* did not file a brief in this Court.[8] Given these significant similarities, the *Galeone* panel should have reached the same conclusions that I reach here: (1) the defendants in *Galeone* *could have* argued, in support of its motion for judgment on the pleadings, that the plaintiff waived his objection to their untimely *Lamp* allegations in new matter, and (2) because the defendant in *Galeone* failed to raise the plaintiff's waiver, the defendants waived plaintiff's waiver.

*Galeone* reached the wrong decision by misinterpreting this Court's binding precedent in *Cinque*. The *Galeone* panel wrote:

> [T]he pivotal facts present in *Cinque* [were] that the defendants had entered their appearances, participated in extensive discovery, and engaged in litigation. In short, *Cinque* **stands for the proposition that defendants effectively waive their option of filing preliminary objections to defective process once they take affirmative steps to defend the case by filing an Answer to the Complaint and participating in discovery**. Having both failed to object to defective service initially and failed to assert the statute of limitations in their initial answers, the *Cinque* defendants could not participate in pretrial proceedings and later claim that service was defective.

---

[8] The out-of-state defendant in *Galeone* filed a brief, but the waiver issue did not concern this defendant.

In contrast, [the *Galeone* defendants] took no part in pre-trial proceedings or discovery, and its lawyer entered her appearance only after the [*Galeone*] defendants received the court's order granting default judgment against them and in [the plaintiff's] favor. At that time, counsel for [the *Galeone* defendants] entered her appearance for the first time and filed a Motion to Strike or Open Default Judgment raising an objection to defective service that had been filed 65 days beyond the 30-day service of process time limit prescribed in Rule 401(a), and to the failure to reinstate the complaint and effect proper service for the remainder of the statute of limitations period.

*Galeone*, 2021 WL 3126754, *8 (emphasis added).

The bolded sentence in this passage misconstrues *Cinque* to mean that a defendant must file an answer **and** participate in discovery to waive his *Lamp* objection to improper service of process. As discussed above, *Cinque* held that waiver occurs when the defendant either files an answer to the complaint instead of preliminary objections (Neill) **or** has counsel enter an appearance and request discovery (Chazin). It is not necessary for the defendant to file both an answer and request discovery to waive his *Lamp* objection. *Galeone's* non-precedential conclusion that the defendant must both file an answer and participate in discovery does not represent the state of our law.

In the present case, relying on *Galeone*, the Majority claims that "the pivotal facts present in *Cinque*" were that "the defendants had entered their appearances, participated in extensive discovery, and engaged in litigation" before raising their service objections. Majority Memorandum at 11. This is incorrect. To repeat, *Cinque* held that defendant Neill waived his objection

to improper service simply by filing an answer to the complaint instead of preliminary objections to improper service. This is precisely the same form of waiver that Defendants committed in the present case. The Majority misreads **Cinque**, and perpetuates **Galeone's** flawed analysis, by permitting Defendants to escape their waiver in the present case.

I also cannot agree with the Majority's interpretation of **Ferraro**. The Majority contends that **Ferraro** reached the substance of the **Lamp** issue by balancing the parties' rights under Rule 126. In my view, **Ferraro** did not reach the substance of the **Lamp** issue by applying Rule 126. Instead, **Ferraro** reached this issue because of the waiver that the plaintiff committed in that case. The defendant in **Ferraro** filed an answer to the complaint with new matter raising **Lamp** instead of filing preliminary objections to service of process. The plaintiff, however, failed to file preliminary objections to new matter or object when the defendant raised a **Lamp** issue in a motion for judgment on the pleadings. As a result, our Supreme Court recognized that the plaintiff waived his objection to the **Lamp** issue. **Ferraro**, 313 A.3d at 991 n.2 (Supreme Court reached substance of **Lamp** issue "because [the plaintiff] did not object to this procedure" in trial court).

In the present case, unlike in **Ferraro**, it is not possible to reach the substance of the **Lamp** issue. To be sure, Plaintiff herein committed the same waiver as the plaintiff in **Ferraro** by failing to file preliminary objections to the **Lamp** allegations in Defendants' new matter. Plaintiff, however, was rescued

- 18 -

by Defendants' waiver of Plaintiff's waiver, a circumstance that did not take place in **Ferraro**. Defendants waived Plaintiff's waiver because (1) Plaintiff, in response to Defendants' motion for judgment on the pleadings, raised the argument that Defendants waived the **Lamp** issue, but (2) Defendants failed to object to Plaintiff's untimely argument in the trial court or in this Court. **Sanchez**, **Dabney**, **supra**. Defendants' waiver precludes this Court from holding that Plaintiff ran afoul of **Lamp**, the decision reached at the end of the Majority's memorandum.

The Majority concludes that "a waiver finding is not mandated by a defendant's failure to file preliminary objections to service in situations where . . . a defendant raises his service challenge in his initial response to the complaint, albeit not by preliminary objection." Majority Memorandum at 15. I conclude that a waiver finding is mandated when, as here, the defendant attempts to challenge service in his answer to the complaint instead of in preliminary objections and fails to object to the plaintiff's untimely objection to the service argument in response to the defendant's dispositive motion.

The Majority reaches its decision on waiver by (1) applying Rule 126 when that rule is not applicable to complete non-compliance, and in doing so causing great prejudice to Plaintiff, (2) ignoring Rule 1028's requirement to raise objections to service of process via preliminary objections, (3) ignoring Rule 1032's express directive to find waiver, (4) misreading **Ferraro**, and (5)

relying upon the unpublished decision in **Galeone**, instead of upon our binding opinion in **Cinque**.

I therefore respectfully dissent to the Majority's holding that the trial court did not err by granting Defendants' motion for judgment on the pleadings. I would reverse the trial court's dismissal of Plaintiff's complaint and remand for further proceedings.